82 F.3d 423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles QUEEN, Plaintiff-Appellant,
v.
J. GOMEZ, individually and in his official capacity as
director of the Department of Correction; K.W. Prunty,
Warden, individually and in his official capacity as Warden
of Calipatria State Prison; Washington, Program Admin,
individually and in his official capacity as Program
Administrator at Calipatria State Prison; P. Tingey,
Program Admin, individually and in his official capacity as
Program Administrator at Calipatria Prison; C. Dominguez,
individually and in her official capacity as Program
Administrator at Calipatria State Prison; Nelson,
Correction Officer, individually and in his official
capacity as a Correction Officer; Huddleston, Correctional
Officer, individually and in her official capacity as a
Correctional Officer for the Department of Correction;
Does, Does one through X-100, Defendants-Appellees.
 No. 95-55777.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Queen, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 action. Queen alleged that prison officials removed him from his prison job in retaliation for filing an administrative grievance stating that he had been sexually harassed by a female correctional officer assigned to supervise inmates at Queen's prison job. We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and we affirm.
 
 
 3
 We review a district court's grant of summary judgment de novo. Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994). Summary judgment is appropriate if the court, viewing the evidence in the light most favorable to the nonmoving party, determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). There is no genuine issue of material fact if the nonmoving party, who bears the burden of proof at trial, fails to establish each element of his claim with "significant probative evidence tending to support the complaint." Barnett, 31 F.2d at 815 (internal quotations omitted). Conclusory allegations unsupported by factual data are insufficient to withstand a motion for summary judgment. Taylor, 880 F.2d at 1045.
 
 I. RETALIATION
 
 4
 Queen contends that the district court erred when it dismissed his First Amendment retaliation claim alleging that prison officials removed him from his job in the prison's central kitchen for filing an administrative complaint stating that a female correctional officer had sexually harassed him.[2] This contention lacks merit.
 
 
 5
 Prisoners advancing retaliation claims under section 1983 must demonstrate that (1) prison officials retaliated against them for exercising their constitutional rights; and (2) the retaliatory action did not advance legitimate penological goals, such as the preservation of institutional order, discipline, security, and rehabilitation of prisoners. See Barnett, 31 F.3d at 815-16; Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). In addition, federal courts "should 'afford appropriate deference and flexibility' to prison officials [when evaluating the] proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995) (quoting Sandin v. Conner, 115 S.Ct. 2293, 2299 (1995)).
 
 Prunty, Washington, and Day[3]
 
 6
 Queen alleged that defendants (1) lied in their affidavits to insulate themselves from liability; (2) displayed "bad faith" while defending against Queen's suit; and (3) did not remove Queen from his prison job to further legitimate penological goals, such as "safety and security reasons." Queen, however, failed to produce "significant probative evidence tending to support [his] complaint." Barnett, 31 F.3d at 815 (internal quotations omitted). In short, Queen's conclusory allegations failed to create a genuine issue of material fact regarding his retaliation claim. See Taylor, 880 F.2d at 1045.
 
 
 7
 In contrast, defendants submitted several declarations to demonstrate that they removed Queen from his job for legitimate reasons. First, defendant Day stated in her declaration that Queen (1) failed to acknowledge his job performance expectations and the rules governing the prison work program by refusing to sign a job description form; (2) showed no effort in his work assignment and required constant direct supervision from staff; and (3) "caused more work for the other inmates assigned to the same area." Second, the declarations of W. Tietz, a supervising cook who frequently worked with Queen in the prison's central kitchen, and J. Spock, a correctional officer who was Day's partner, corroborated Day's assessment of Queen's work performance. Third, defendant Prunty's declaration indicated that the nature of Queen's allegations against Day raised safety and security concerns at the central kitchen. Prunty reasoned that removing Queen from his job would protect Queen, Day, other staff members, and the integrity of an investigation into Queen's allegations. In sum, these declarations indicate that defendants removed Queen from his job to further the legitimate penological goal of preserving institutional order and discipline. See Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir.1995); Rizzo, 778 F.2d at 532.
 
 
 8
 Further, Queen failed to raise a genuine issue of material fact regarding whether reasonable prison officials under similar circumstances would believe that their actions advanced legitimate penological goals. Thus, the district court properly found that defendants were entitled to qualified immunity. See Schroeder, 55 F.3d at 461-62; cf. Pierce v. Multnomah County, 76 F.3d 1032, 1037-39 (9th Cir.1996) (holding that defendant was not entitled to a directed verdict on his claim of qualified immunity because plaintiff produced sufficient evidence for a jury to find that defendant's conduct was unreasonable).
 
 
 9
 Accordingly, the district court properly granted summary judgment to defendants. See Barnett, 31 F.2d at 816; Taylor, 880 F.2d at 1044-45.
 
 II. APPOINTMENT OF COUNSEL
 
 10
 Queen contends that the district court abused its discretion when the court denied his 28 U.S.C. § 1915(d) motion for appointment of counsel. We review the district court's denial of Queen's section 1915(d) motion for abuse of discretion, Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991), and conclude that this contention lacks merit.[4]
 
 
 11
 Here, Queen failed to demonstrate that exceptional circumstances warranted appointment of counsel. Queen's complaint demonstrated that he possessed sufficient legal knowledge and writing ability to articulate his claim and that his case did not involve issues of substantial complexity. Moreover, Queen's inability to establish genuine issues of material fact regarding the legitimate reasons defendants proffered for his dismissal and the reasonableness of defendants' conduct "made it extremely unlikely that [Queen] would succeed on the merits [of his claim]." Id. Thus, the district court did not abuse its discretion by denying Queen's motion for appointment of counsel. See id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Queen's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court failed to address Queen's official capacity suit against defendants, the court's order and judgment demonstrates that it intended to end the entire action on the merits. Accordingly, we construe the district court's order as a final appealable order under 28 U.S.C. § 1291. See Squaxin Island Tribe v. Washington, 781 F.2d 715, 718-19 (9th Cir.1986). Moreover, we find that "no practical benefits would accrue from a dismissal for lack of appellate jurisdiction," id. at 719, because Queen's official capacity suit is barred by the Eleventh Amendment, see Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); Pena v. Gardner, 976 F.2d 469, 472-73 (9th Cir.1992). We therefore affirm the district court's judgment relating to Queen's official capacity suit. See Branson v. Nott, 62 F.3d 287, 291 (9th Cir.) (stating that court of appeals may affirm the district court's decision on any basis finding support in the record), cert. denied, 116 S.Ct. 565 (1995)
 
 
 [2]
 The district court granted summary judgment for defendants Gomez, Nelson, Dominguez, and Tingey, because Queen failed to demonstrate that these defendants were personally involved in the alleged unconstitutional conduct. Because Queen has not challenged the district court's finding for these defendants on appeal, he has waived his right to object to the court's conclusion. See Zimmerman v. Bishop Estate, 25 F.3d 784, 788-89 (9th Cir.), cert. denied, 115 S.Ct. 637 (1994)
 
 
 [3]
 In his complaint Queen named defendant D.S. Day under her former married name, D.S. Huddleston
 
 
 [4]
 Defendants mistakenly contend that we lack jurisdiction to address the district court's denial of Queen's section 1915(d) motion. Because the district court's order granting defendants' motion for summary judgment resulted in a final appealable order under 28 U.S.C. § 1291, we have jurisdiction to address this contention