24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ronald BRANSON, M.D., Plaintiff-Appellant,
v.
Alan HABER, Defendant-Appellee.
 No. 93-56696.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 13, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Branson appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action alleging that Allan Haber, a California Superior Court judge, violated his constitutional rights by setting aside a default judgment against the City of Los Angeles in Branson's on-going state-court action. Branson seeks injunctive relief. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Judicial immunity does not bar claims for injunctive relief in section 1983 actions. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). Nevertheless, where the injunctive relief requested would require the federal court to supervise ongoing state judicial proceedings, federal courts should refrain from issuing an injunction as a matter of comity. See Pulliam, 466 U.S. at 539; Younger v. Harris, 401 U.S. 37, 46 (1971).
 
 
 4
 Here, Branson's request for injunctive relief sought to recuse Judge Haber from Branson's state-court action and to have an impartial judge appointed who could render a default judgment in Branson's favor. Because the relief Branson requests would require a federal court to intrude too far into a state court's judicial proceeding, the district court properly dismissed his action. See Pulliam, 466 U.S. at 539.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, the district court did not abuse its discretion by denying Branson's motion to vacate the judgment pursuant to Fed.R.Civ.P. 59(e). See McCarthy v. Mayo, 827 F.2d 1310, 1314 (9th Cir.1987) (denial of a motion for reconsideration under Rule 59(e) reviewed for abuse of discretion)