48 F.3d 1227
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ronald L. BRANSON, Plaintiff-Appellant,
v.
Betty B. FLETCHER, personal capacity; Diarmuid F.
O'Scannlain, personal capacity; Andrew J.
Kleinfeld, personal capacity; William
D. Keller, personal capacity,
Defendants-Appellees.
 No. 94-55951.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 21, 1995.*
Decided Feb. 27, 1995.
 
 Before: SCHROEDER, CANBY and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Branson appeals pro se the district court's dismissal of his Bivens action against a district judge and three judges of this court. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 We agree with the district court that Branson's claims are barred by the doctrine of judicial immunity. See Mullis v. United States Bankruptcy Court, District of Nevada, 828 F.2d 1385, 1394 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988). The district court properly denied Branson's motion for recusal because Judge Real's prompt sua sponte dismissal of Branson's complaint does not demonstrate bias or prejudice. See 28 U.S.C. Sec. 455; United States v. Payne, 944 F.2d 1458, 1476 (9th Cir.1991), cert. denied, 112 S.Ct. 1598 (1992). Finally, the district court correctly held that Branson was not entitled to a default judgment. See Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir.1980).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Branson's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Branson's renewed motion for recusal of the entire Ninth Circuit and objection to this court's January 19, 1995 order are denied