**Ronald BRANSON, Plaintiff–Appellant,**

v.

**Michael G. NOTT; Morio L. Fukuto; Ray L. Hart; Jerry K. Fields; Estella Guevara; Zahava Stroud; and Morris, Polich & Purdy, P.C., a licensed law firm, Defendants–Appellees.**

No. 94–55332.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 14, 1994 *.

Decided Aug. 1, 1995.

oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34–4.

Ronald Branson, Granada Hills, CA, in pro. per.

Douglas J. Collodel, Morris, Polich & Purdy, Los Angeles, CA; Christopher C. Foley, Deputy Atty. Gen., Los Angeles, CA, for defendants-appellees.

Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.

CHOY, Circuit Judge:

Ronald Branson appeals *pro se* the district court's dismissal of his *pro se* 42 U.S.C. § 1983 civil rights action and award of attorney's fees to defendants pursuant to 42 U.S.C. § 1988. We affirm the district court's dismissal of Branson's claim, but vacate the grant of attorney's fees.

### I.

Branson's § 1983 claim arises out of a purported tort suit that he filed *in propria persona* in California state court over eight years ago. Branson alleges that in adjudicating his state claim, the defendant attorneys, superior court clerk, state trial judge and appellate justices, individually and through a conspiracy, deprived him of his right to procedural due process secured by the Fourteenth Amendment. In essence, Branson alleged that the defendants impeded his access to certain perceived statutory rights, including a "right to entry of default" and the right to voluntarily dismiss his suit.

In his underlying state action, filed on April 7, 1987, Branson sought damages from the County of Los Angeles and several law enforcement officers for allegedly falsely arresting and imprisoning him.[1] *Branson v.*

---

1. This is one of numerous unsuccessful actions Branson has brought seeking redress for alleged violations of his rights stemming from his 1986 arrest for attempted burglary of a motor vehicle.

   One month after filing the above described state tort action, Branson also commenced a lawsuit in federal court pursuant to 42 U.S.C. § 1983 alleging false arrest, illegal search, excessive force, false imprisonment, and violation of substantive due process arising out of his 1986 arrest. *Branson v. City of Los Angeles*, No. 87-03003-WDK (C.D.Cal. filed May 8, 1987). Branson's complaint named as defendants the City and County of Los Angeles, several law enforcement officers, and the Commissioner of the Los Angeles Municipal Court ("Commissioner Schwartz"). As this court observed, Branson "su[ed] nearly every person he came into contact with during the state proceeding." *Branson v. City of Los Angeles*, 972 F.2d 1337 (1992) (unpublished disposition), *cert. denied,* —— U.S. ——,

   113 S.Ct. 1646, 123 L.Ed.2d 267 (1993). After portions of the case were dismissed, a jury found for the defendants. Branson unsuccessfully appealed to this court several times from the district court's rulings in that case. *Branson v. City of Los Angeles*, 912 F.2d 334 (9th Cir.1990) (dismissing premature appeal for lack of appellate jurisdiction); *Branson v. City of Los Angeles*, 972 F.2d 1337 (1992) (unpublished disposition) (rejecting Branson's challenge to the jurisdiction of both the state and federal courts and affirming several pretrial rulings), *cert. denied,* —— U.S. ——, 113 S.Ct. 1646, 123 L.Ed.2d 267 (1993).

   On July 2, 1987, Branson filed another action in the Los Angeles Superior Court, alleging that Commissioner Schwartz violated his civil rights by failing to arraign him in a speedy manner. *Branson v. City of Los Angeles*, No. NWC 30307 (Cal.Super.Ct. filed July 2, 1987). The court dismissed Branson's claim against Schwartz on the basis of judicial immunity.

*County of Los Angeles,* No. C643013 (Cal.Super.Ct. filed Apr. 7, 1987). On May 1, 1990, after finally being served with the complaint nearly three years after its filing, the County of Los Angeles and two of the defendant law enforcement officers jointly filed a demurrer to Branson's complaint and a motion to dismiss the action for lack of prosecution. One of the defendants, Sergeant Smith, failed to respond to the complaint. On May 14, 1990, Branson requested that a default judgment be entered against Sergeant Smith. However, a Los Angeles County Superior Court deputy clerk, Estella Guevara, did not enter the default. On May 25, 1990, Sergeant Smith filed a motion to quash the service of process, stating in his motion that he was never served with the complaint. California Superior Court Judge Jerry K. Fields, a defendant in the case at bar, found that Sergeant Smith had not been properly served, granted Smith's motion to quash the purported service of process, and dismissed Smith from the case.

On June 11, 1990, Judge Fields sustained in part and overruled in part the remaining defendants' demurrer and provided Branson with the opportunity to amend his complaint. Rather than avail himself of this opportunity, Branson filed a motion to vacate the demurrer ruling and moved to dismiss his case. On August 22, 1990, Judge Fields granted the defendants' motion to dismiss Branson's action for failure to prosecute.

Branson appealed to the California Court of Appeal, claiming that the trial court improperly quashed service of process on Sergeant Smith and that he was entitled to have

a default judgment entered against Sergeant Smith. Branson also appealed the trial court's ruling on defendants' demurrer, its dismissal of Branson's claim for failure to prosecute, and claimed that Judge Fields should be "disqualified." In an unpublished opinion authored by Justice Michael G. Nott, the California Court of Appeal affirmed the judgment against Branson. *Branson v. County of Los Angeles,* — U.S. —, 113 S.Ct. 210, 121 L.Ed.2d 150 (Cal.Ct.App.1992). The California Supreme Court denied his petition for review and the United States Supreme Court denied certiorari. *Branson v. County of Los Angeles,* No. S025746 (Cal. S.Ct. Apr. 29, 1992) (in bank), *cert. denied,* — U.S. —, 113 S.Ct. 210, 121 L.Ed.2d 150 (1992).

Branson then filed this action in federal district court for the Central District of California under 42 U.S.C. § 1983. In this purported § 1983 action, Branson alleges that his right to procedural due process was violated by (1) the superior court clerk's failure to enter a default judgment against Sergeant Smith; (2) the California appellate justices' alleged failure to review the default issue, the ruling on demurrer, and the denial of his motion for a voluntary dismissal;[2] (3) the judge and attorney defendants' conspiracy to have his case dismissed for lack of prosecution; and (4) as part of the conspiracy, the appellate justices' failure to review Branson's argument for a voluntary dismissal and request for review of the demurrer ruling.

The defendant California appellate justices moved to dismiss Branson's complaint pursu-

---

Branson has also previously filed suit against the state and federal judges who adjudicated his various claims arising out of the same arrest incident. Branson brought a § 1983 action alleging that California Superior Court Judge Allen Haber violated his constitutional rights by setting aside a default judgment against the City of Los Angeles in the then ongoing state court tort action. *Branson v. Haber,* No. CV–92–03544–LGB (C.D.Cal. filed June 12, 1992). This court upheld the dismissal of the action against Judge Haber, finding that "the relief Branson requests would require a federal court to intrude too far into a state court's judicial proceeding...." *Branson v. Haber,* 24 F.3d 244 (1994) (unpublished disposition), *cert. denied,* — U.S. —, 115 S.Ct. 579, 130 L.Ed.2d 494 (1994).

Branson also brought a Bivens action against a district court judge and three judges of this court. *Branson v. Fletcher,* No. CV–94–01932–R (C.D.Cal. filed Mar. 28, 1994). This court affirmed the dismissal of Branson's Bivens action on the ground that his claims were barred by the doctrine of judicial immunity. *Branson v. Fletcher,* 48 F.3d 1227 (1995) (unpublished disposition), *cert. denied,* — U.S. —, 116 S.Ct. 66, — L.Ed.2d — (1995).

2. In particular, Branson alleged that California Court of Appeal Justice Nott, the author of the appellate opinion, deprived Branson of due process and that Justices Morio L. Fukuto and Ray L. Hart "participated" in Justice Nott's unconstitutional conduct by concurring in the opinion. *See* Complaint ¶¶ 53–54.

ant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that the district court lacks subject matter jurisdiction over Branson's claims and that the complaint fails to state a claim upon which relief can be granted. The remaining defendants filed a separate memorandum in support of the motion to dismiss, arguing, among other things,[3] that Branson's complaint is barred by the applicable statute of limitation. The latter defendants also requested that the court impose both monetary and injunctive Rule 11 sanctions against Branson. In particular, the defendants requested that the court fine Branson in the amount of the attorney's fees they incurred in defending against his lawsuit, and require Branson to submit with any future pleadings or complaints an affidavit, swearing under oath the truth of the facts supporting the claims made in the pleading. In response, Branson maintained that his complaint should not be dismissed, that it was not frivolous, and sought sanctions against defendants' counsel, whose competence and integrity he repeatedly attacked.[4]

In a terse Order dated February 28, 1994, the district court granted the defendants' motions to dismiss Branson's § 1983 action on the ground that it was barred by the applicable one-year statute of limitation.[5] *Branson v. Nott*, No. CV 93–5967 ER (GHKx) (C.D.Cal. Feb. 28, 1994). Pursuant to the civil rights attorney's fee provision, 42 U.S.C. § 1988, the district court further ordered Branson to pay to the defendants the $3465.00 in attorney's fees and costs they incurred in defending against Branson's action which it found to be "frivolous and an abuse of the judicial process." *Id.* at 1. The district court did not mention the propriety of Rule 11 sanctions at the hearing on the motion or in its dismissal Order.

Branson timely appealed the district court's Order.

## II.

We may affirm the decision of the district court on any basis which the record supports. *United States v. Washington*, 969 F.2d 752, 755 (9th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1945, 123 L.Ed.2d 651 (1993). We find that dismissal of Branson's complaint was required because the district court lacked subject matter jurisdiction over his purported § 1983 claim.

Whether subject matter jurisdiction exists is a question of law. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir.1994). As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1314, 75 L.Ed.2d 206 (1983); *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.1986). This is true even when the challenge to a state court decision involves federal constitutional issues. *Feldman*, 460 U.S. at 484–86, 103 S.Ct. at 1316; *Worldwide Church of God*, 805 F.2d at 891.

Notwithstanding his protestations to the contrary, Branson's § 1983 claim amounts to nothing more than an impermissible collateral attack on prior state court decisions. *See MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir.1987) (per curiam). Branson seeks as "prospective injunctive relief" an order requiring the state superior court

---

3. The defendants also argued (1) Branson's complaint is barred by the doctrine of res judicata; (2) Judge Fields and the court clerk are immune from civil liability; (3) the complaint is an unlawful attempt to remove a state action; (4) the attorney defendants cannot be held liable under § 1983 because they are not state actors; (5) the complaint lacks factual support; and (6) the complaint is impermissibly vague and ambiguous.

4. Branson, for example, asserts that defendants' motion to dismiss is "made up of false, imagi-

nary and conclusory innuendos" and that "[o]n an *objective basis*, Ms. Stroud's motion is a masterpiece of incompetence." Plaintiff's Opposition to Motion to Dismiss Complaint at 33 (emphasis in original).

5. The court observed at oral argument on defendants' motion to dismiss that there were a number of alternate grounds supporting dismissal of Branson's case, including the fact that the defendant judges would be immune from civil liability.

clerk to enter a default judgment against Sergeant Smith and, inconsistently, to "immediately set the default for hearing for court judgment as requested by plaintiff. . . ." Complaint ¶ 1 at 31. Such an order would implicitly reverse the state trial court's finding that Smith was not served in compliance with California law. Moreover, Branson's complaint explicitly seeks reversal of the appellate court's decision. He requests an order requiring California Court of Appeal Justice Michael G. Nott to:

> (a) *set aside and vacate* as unconstitutional and void the appellate decision filed February 19, 1992; (b) *prepare and file an amended decision* reflecting the required appellate review of the ruling on demurrer made on June 11, 1990 . . . reviewing all questions of law *de novo;* (c) *remove the dismissal* for "lack of prosecution" as moot by operation of law; (d) *dismiss the appeal* against Dwight Smith as moot and *remand the matter* to the trial court for default proceedings.

Complaint ¶ 2 at 32 (emphasis added). A federal district court is without jurisdiction to grant the relief Branson seeks. *See MacKay,* 827 F.2d at 543.

■ Nor is Branson's action saved by the fact that federal district courts may review a "general" constitutional challenge that "does not require review of a final state court decision in a particular case." *Worldwide Church of God,* 805 F.2d at 891 (citing *Feldman,* 460 U.S. at 482–86 & n. 16, 103 S.Ct. at 1315–16 & n. 16). Here, it is evident from the face of his complaint that rather than mounting a general constitutional challenge, Branson is impermissibly seeking to review the merits of state court decisions in a "par-

ticular case." For instance, Branson characterizes his action as follows:

> [P]laintiff is hereby challenging the adequacy, appropriateness, and fairness of the state post-deprivation process itself *as it was carried out in the underlying state tort action* and the appellate process thereof, which plaintiff alleges prevented redress of the deprivation.

Complaint ¶ 8 (emphasis added).[6]

Thus, dismissal was proper because the district court lacked jurisdiction over Branson's purported § 1983 action.

## III.

### A.

■ Finding Branson's complaint to be frivolous and abusive of the judicial process, pursuant to the civil rights attorney fee provision, 42 U.S.C. § 1988(b), the district court *sua sponte* awarded to defendants the attorney's fees they incurred in defending against Branson's claims.[7] Under § 1988, a district court may award attorney's fees to a "prevailing" civil rights defendant if the district court determines that the plaintiff's claims are " 'unreasonable, frivolous, meritless, or vexatious.' " *Patton v. County of Kings,* 857 F.2d 1379, 1381 (9th Cir.1988) (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978)).[8]

■ Branson contends that the district court erred in sanctioning him because his complaint was not frivolous. We agree that it was error to impose sanctions under 42 U.S.C. § 1988, but for a different reason; because the district court lacked subject mat-

---

6. In his briefs, Branson both contradicts himself and reveals that he is not making a general challenge. In his opening brief, Branson maintains: "This is a suit alleging that the state procedures themselves are fundamentally flawed, and is **NOT** a suit *seeking review of any state court* decision." Appellant's Opening Brief at 4 (emphasis in original). But then, in response to the appellees' argument that Branson is not making a general constitutional challenge that would provide federal jurisdiction, Branson asserts: "plaintiff is *not* making a 'general attack on California appellate procedure' but specific articulable violations of procedural due process by the *particular defendants* named—not a general

attack." Appellant's Reply Brief at 4 (emphasis in original).

7. As previously stated, the defendants moved for Rule 11 sanctions. There is no motion for § 1988 attorney's fees in the record.

8. 42 U.S.C. § 1988(b) provides: "In any action or proceeding to enforce a provision of section . . . 1983 . . . of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

ter jurisdiction over Branson's purported civil rights claim in the first instance, it also lacked the power to award attorney's fees under the civil rights attorney fee statute.[9] By itself, § 1988 does not provide the district court with jurisdiction to grant an attorney fee award where subject matter jurisdiction to hear the underlying § 1983 claim is lacking: "section 1988 does not by its terms confer subject matter jurisdiction upon federal courts, but rather relies upon the provisions of other federal statutes, such as section 1983 read in conjunction with 28 U.S.C. § 1343 (1988), ... to confer subject matter jurisdiction." *Keene Corp. v. Cass*, 908 F.2d 293, 298 (8th Cir.1990); *see also, W.G. ex rel. D.G. v. Senatore*, 18 F.3d 60, 64 (2d Cir.1994) (concluding that "fee shifting provisions cannot themselves confer subject matter jurisdiction."); *Pierre v. Jordan*, 333 F.2d 951, 958 (9th Cir.1964) (observing that § 1988 does not establish subject matter jurisdiction), *cert. denied*, 379 U.S. 974, 85 S.Ct. 664, 13 L.Ed.2d 565 (1965). And "[w]here there is no subject matter jurisdiction to proceed with the substantive claim, as a matter of law '[t]hat lack of jurisdiction bar[s] an award of attorneys fees under section 1988.'" *Senatore*, 18 F.3d at 64 (quoting *Keene Corp.*, 908 F.2d at 298); *see also Smith v. Brady*, 972 F.2d 1095, 1097 (9th Cir.1992) (in tax context, holding that where a district court lacks jurisdiction over the underlying suit, it also lacks authority to award attorney's fees); *but see Elks Nat'l Found. v. Weber*, 942 F.2d 1480, 1485 (9th Cir.1991) (affirming dismissal of § 1983 action for lack of subject matter jurisdiction while also affirming district court's award of attorney's fees, where fees had been awarded under 42 U.S.C. § 1988, and, alternatively, under Fed.R.Civ.P. 11), *cert. denied*, 505 U.S. 1206, 112 S.Ct. 2995, 120 L.Ed.2d 872 (1992).[10]

■■■■ Moreover, even if the district court had the jurisdiction to impose § 1988

attorney's fees, attorney's fees are only available under that provision to a party who has "prevailed" on the merits. Where, as here, dismissal is mandated by a lack of subject matter jurisdiction, a defendant is not a "prevailing" party within the meaning of § 1988. *See Keene*, 908 F.2d at 298 ("Where a complaint has been dismissed for lack of subject matter jurisdiction, the 'defendant has not "prevailed" over the plaintiff on any issue central to the merits of the litigation.' ") (citation omitted); *Hidahl v. Gilpin County Dep't of Social Servs.*, 699 F.Supp. 846, 849 (D.Colo.1988) (denying attorney's fees pursuant to § 1988 where civil rights action dismissed for lack of jurisdiction).

■■■ Accordingly, we vacate the district court's grant of attorney's fees pursuant to § 1988.

### B.

Before the district court, defendants sought sanctions pursuant to Rule 11, rather than attorney's fees under 42 U.S.C. § 1988. The district court did not address defendants' Rule 11 motion. That the district court lacked subject matter jurisdiction over Branson's complaint does not preclude it from imposing Rule 11 sanctions for filing a frivolous complaint. *See Willy v. Coastal Corp.*, 503 U.S. 131, 138, 112 S.Ct. 1076, 1080–81, 117 L.Ed.2d 280 (1992) (holding that a district court could constitutionally impose Rule 11 sanctions in a case in which was later determined that the court lacked subject matter jurisdiction); *Westlake N. Property Owners Ass'n. v. City of Thousand Oaks*, 915 F.2d 1301, 1303 (9th Cir.1990) (finding "even if a court does not have jurisdiction over an underlying action, it may have jurisdiction to determine whether the parties have abused the judicial system and whether sanctions are appropriate to remedy such abuse.").

---

**9.** Although Branson does not argue before us that the district court lacked subject matter jurisdiction to award attorney's fees pursuant to 42 U.S.C. § 1988, this court must raise jurisdictional issues *sua sponte*. *See MacKay*, 827 F.2d at 543; *Worldwide Church of God*, 805 F.2d at 890.

**10.** We recognize that there are some circumstances in which attorney's fees or costs may be imposed even where the court proves to be without subject matter jurisdiction. 28 U.S.C. § 1919 authorizes "payment of just costs" in any action or suit dismissed for lack of jurisdiction. 28 U.S.C. § 1447(c) authorizes attorney's fees and costs for wrongful removal.

Although there appears to be ample support for the district court's conclusion that Branson's complaint was frivolous, the propriety of imposing Rule 11 sanctions against Branson has not been raised on appeal to this court. We thus remand for the district court to determine whether Branson should be sanctioned pursuant to Rule 11, and, if so, what type of sanctions should be imposed. The district court's judgment is therefore,

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED IN PART.**