73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John L. CORRIGAN, Plaintiff-Appellant,
v.
James A. ANDERSEN, Defendant-Appellee.
 No. 95-35141.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 29, 1995.
 
 1
 Before: SNEED, TROTT, and HAWKINS Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 John L. Corrigan appeals pro se the district court's order dismissing his 42 U.S.C. Sec. 1983 action against James A. Andersen, former Chief Justice of the Washington Supreme Court, alleging that Corrigan's civil rights were violated by two orders of the Washington Supreme Court denying Corrigan's motions for expenditure of public funds for costs associated with Corrigan's appeals from a lower state court's decisions. We review de novo the district court's dismissal of a 42 U.S.C. Sec. 1983 complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), see Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 4
 "We may affirm the decision of the district court on any basis which the record supports." Branson v. Nott, 62 F.3d 287, 291 (9th Cir.1995).
 
 
 5
 Because Corrigan essentially challenges Andersen's denial of his motions for expenditure of public funds, we dismiss for lack of subject matter jurisdiction. See id. at 291-92 (noting that federal district courts are courts of limited jurisdiction and do not have authority to review the final determinations of state court judicial proceedings); see also Dubinka v. Judges of Superior Court, 23 F.3d 218, 221 (9th Cir. (1994) (noting that federal district courts do not have jurisdiction to hear a claim that is "inextricably intertwined" with a state court's ruling). Accordingly, we find the district court's dismissal of Corrigan's action was required because the district court lacked subject matter jurisdiction over his section 1983 action. See Branson, 62 F.3d at 292.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Corrigan's request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3