92 F.3d 1191
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert BAKER, Plaintiff-Appellant,
v.
Paul D. JEFFERSON; Julio Mateo, Jr.; Mukesh Advani;
Vivien Bronshvag; Margaret Debeers Brown; Martha C.
Byrnes, Robert De Aztlan; Patrick R. Dixon; Yonkel N.
Golstein, George G. Gowgani, PhD,; John C. Hisserick;
James B. Hussey; Teri L. Jackson; Marilyn J. Mackett; J.
Alfred Rider; Patricia Maria Villalobos, individually and
in their official capacity as members of The Committee of
Bar Examiners of the State of California, Defendants-Appellees.
 No. 95-56600.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Baker, an attorney, appeals the district court's order dismissing part of his 42 U.S.C. § 1983 action for lack of subject-matter jurisdiction and finding that the remainder of Baker's action was barred by res judicata. Baker sued members of the California Committee of Bar Examiners alleging that Rule IV of the Rules Regulating Admission to Practice Law in California ("Rule IV") was unconstitutional. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's determination that it lacked subject-matter jurisdiction. Skagit County Pub. Hosp. Dist. No. 2 v. Shalala, 80 F.3d 379, 384 (9th Cir.1996). We may affirm a district court's judgment on any basis finding support in the record. See Branson v. Nott, 62 F.3d 287, 291 (9th Cir.), cert. denied, 116 S.Ct. 565 (1995).
 
 
 4
 Baker contends that the district court had subject-matter jurisdiction to adjudicate his case, because he brought a facial constitutional challenge to Rule IV. This contention lacks merit.
 
 
 5
 Although federal district courts may review general constitutional challenges to a state court's decision, they lack jurisdiction to decide constitutional claims that are inextricably intertwined with a state court's decision in a particular case. Dubinka v. Judges of Superior Court, 23 F.3d 218, 221 (9th Cir.1994). A claim is inextricably intertwined with a state court's decision "when the district court must scrutinize both the challenged rule and the state court's application of that rule" to resolve a litigant's claim. Id. at 222.
 
 
 6
 Here, Baker did not merely seek an adjudication that Rule IV was unconstitutional. Instead, Baker sought review of the California Supreme Court's application of Rule IV to his request to take the California Attorney's Examination. Specifically, Baker raised the identical claims in his section 1983 complaint that he presented to the supreme court in his petition for review. Baker also sought to "enjoin defendants ... from prohibiting plaintiff from qualifying and sitting for the attorney's examination of the California Bar examination." In short, Baker's complaint demonstrates that his section 1983 action "amount[ed] to nothing more than an impermissible collateral attack on" the merits of the supreme court's decision finding him ineligible to take the California Attorney's Exam. See Branson, 62 F.3d at 291. Moreover, Baker concedes in his reply brief that his "[c]hallenges to the [r]ules are not [g]eneralized [c]hallenges" and that he "does indeed make[ ] specific challenges regarding the [r]ules and their relationship to the specific facts."
 
 
 7
 Because the district court was required to scrutinize both Rule IV and the supreme court's application of that rule to resolve Baker's claims, the district court lacked jurisdiction over his purported section 1983 action. See id. at 292.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3