99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terran T. STEINHART, Plaintiff-Appellant,
v.
W.C. COX & COMPANY, and all persons unknown claiming any
legal or equitable right, title, estate, lien or interest in
the property described in the complaint adverse to
plaintiff's title, or any cloud on plaintiff's title
thereto, Defendant-Appellee.
 No. 96-55654.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 15, 1996.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terran T. Steinhart, an attorney, appeals pro se the district court's dismissal for lack of subject matter jurisdiction of his 42 U.S.C. § 1983 action alleging that Cal.Code Civ.P. § 907, as it provided in 1992 for the imposition of costs and damages for frivolous appeals, was unconstitutional. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Steinhart contends that the district court had subject matter jurisdiction to adjudicate his case because he brought a facial constitutional challenge to section 907. This contention lacks merit.
 
 
 4
 Although federal district courts may review general constitutional challenges to a state court's decision, federal courts lack jurisdiction to decide constitutional claims that are inextricably intertwined with a state court's decision in a particular case. Dubinka v. Judges of Superior Court, 23 F.3d 218, 221 (9th Cir.1994). A claim is inextricably intertwined with a state court's decision "when the district court must scrutinize both the challenged rule and the state court's application of that rule" to resolve a litigant's claim. Id. at 222.
 
 
 5
 Here, Steinhart did not merely seek an adjudication that section 907 was unconstitutional. Our review of the record indicates that Steinhart's section 1983 complaint sought review of the decision of the California Court of Appeal applying section 907 and sanctioning Steinhart for a holographic will appeal in which he was counsel of record. Steinhart also sought to quiet title to a judgment lien placed on his home by the appellees in the holographic will dispute. Steinhart's section 1983 complaint raised the identical due process argument that he presented to the United States Supreme Court in his petition for certiorari from the state court's decision. Thus, Steinhart's section 1983 action "amount[ed] to nothing more than an impermissible collateral attack on" the merits of the state decision imposing sanctions. See Branson v. Nott, 62 F.3d 287, 291 (9th Cir.), cert. denied, 116 S.Ct. 565 (1995).
 
 Accordingly, the district court is
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Steinhart's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3