122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John E. BURGESS, Plaintiff-Appellant,
v.
George LOGAN; Dave Adams; Ken Devoe; Greg Olzak; Richard
Rogers; Dennis Anderson; Andy Krotik; Tom
Liberty; Mohammed Khathami; John Haug,
Defendants-Appellees.
 No. 96-16680.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Aug. 28, 1997.
 
 Appeal from the United States District Court for the Eastern District of California Robert E. Coyle, Senior District Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John E. Burgess appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 action against employees of the City of Atwater, California ("City"), regarding approval of his land subdivision. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), see Federation of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir.1996), and we affirm.
 
 
 3
 In the district court, Burgess alleged that defendants deprived him of his constitutional rights to due process and equal protection and subjected him to a conspiracy to violate his civil rights The City argued that Burgess's claims in federal court were barred by the collateral estoppel effect of two prior state court actions in which Burgess was a party. We agree.
 
 
 4
 The record indicates that Burgess and his co-developer, Gladwin Ensz, had a dispute with the City, regarding approval of their proposed subdivision. Ensz brought a state court action in which he obtained the necessary permits, although he and the City stipulated that the City "its officers and employees have committed no wrongful acts as concerns the properties in question." Burgess later filed and dismissed a state court action raising nearly identical claims of wrongdoing by the City.
 
 
 5
 We conclude that Burgess's present action is barred by the doctrine of collateral estoppel. Federal courts are required to give "full faith and credit" to state judicial proceedings. See 28 U.S.C. § 1738; Gilbert v. Den-Asher, 900 F.2d 1407, 1410 (9th Cir.1990) (per curiam); see also U.S. v. Real Property Located in El Dorado, 59 F.3d 974, 979 n. 3 (9th Cir.1995) (noting that we may consider collateral estoppel sua sponte in order to affirm a district court's decision). In determining whether a prior state court action bars a subsequent federal action, the federal court must look to the res judicata principles of the state court in which the judgment was rendered. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 80 (1984). Federal courts give preclusive effect to issues decided by state courts when a party from a prior state court proceeding attempts to relitigate identical issues in a subsequent federal proceeding. Allen v. McCurry, 449 U.S. 90, 96 (1980). Thus, we look to the California state law and give the state court judgment the same preclusive effect as would California courts. See Gilbert, 900 F.2d at 1410.
 
 
 6
 "Under California law, '[a] party is collaterally estopped from relitigating an issue previously adjudicated if: (1) the issue necessarily decided in the previous suit is identical to the issue sought to be relitigated; (2) there was a final judgment on the merits of the previous suit; and (3) the party against whom the estoppel is asserted was a party, or in privity with a party, to the previous suit.' " In re Russell, 76 F.3d 242, 244-45 (9th Cir.1996) (quoting In re Joshua J., 46 Cal.Rptr.2d 491, 497 (Ct.App.1995)). "California courts find privity where one party so identifies with another that he represents the same legal right." Id. at 245 (citing People v. Drinkhouse, 84 Cal.Rptr. 773, 776 (1970)).
 
 
 7
 Here, we conclude collateral estoppel applies because the issue litigated in Ensz's superior court action is identical to the issue at the crux of Burgess's complaint. See id. at 244. The superior court judgment, in which both parties stipulated there had been no wrongdoing on the part of the City, was final and on the merits. See id. Burgess had been named as a cross-defendant in the superior court action and, as the co-developer of the subdivision, he was clearly in privity with Ensz. See id. at 245.[1]
 
 
 8
 Accordingly, we conclude that the district court did not err by dismissing Burgess's action. See Federation of African Am. Contractors, 96 F.3d at 1207.[2]
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Burgess's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Burgess's claimed violations of his due process and equal protection rights are merely collateral challenges to an adverse state court proceeding for which the district court lacked subject matter jurisdiction. See Branson v. Nott, 62 F.3d 287, 291 (9th Cir.1995); see also Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 365 (9th Cir.1993) (holding that failure to plead federal constitutional claims in a state court complaint does not: avoid preclusion in a subsequent federal action)
 
 
 [2]
 To the extent Burgess contends that Logan improperly retained the judgment of costs in the second state court proceeding, the record indicates that Burgess may not have exhausted his state court remedies. Given the district court's dismissal of Burgess's federal claims, it did not abuse its discretion by dismissing his pendant state claims. See 28 U.S.C. § 1367(c)(3); see also Levald v. City of Palm Desert, 998 F.2d 680, 692 (9th Cir.1993)