129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stanley TYSCH, Plaintiff-Appellant,
v.
Lawrence G. BOTTALA; Maxima Industries, Inc.; Mike
Brashear; Yvette Sterling Fajolu; Leo R. Paredes;
Fernando Esquivel; County of Los Angeles; Department of
Agriculture, Commissioner/Weight & Measure (Weed Abatement);
Debbie Humphreys; Mel Makos; Fred Nicolas; Southern
California Edison Co; Pomona Municipal Court; City of
Pomona, Community Development Department; Don Beeler, Code
Enforcement Inspector; Martin L. Goetsch; Does 1-50
inclusive, Defendants-Appellees.
 No. 96-56613.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Filed Nov. 6, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-96-05182-SVW; Stephen V. Wilson, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stanley Tysch appeals pro se the district court's dismissal of his 42 U.S.C. §§ 1985 and 1986 action arising from an adverse state court decision. After dismissing Tysch's federal claims, the district court declined to exercise supplemental jurisdiction over Tysch's remaining state law claims.[1] Tysch contends the district court erred. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Seven Resorts, Inc. v. Cantlen, 57 F.3d 771, 772 (9th Cir.1995), and we affirm in part and vacate and remand in part.
 
 
 3
 Because Tysch's purported federal claims essentially attacked the merits of the state court's decision, the district court could not address these claims without conducting an impermissible review of the state court decision. See Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995); Worldwide Church of God v. McNair, 805 F.2d 888, 890-91 (9th Cir.1986). Thus, the district court lacked jurisdiction to adjudicate Tysch's purported federal claims. See Branson, 62 F.3d at 292; McNair, 805 F.2d at 892-93.
 
 
 4
 Insofar as Tysch contends that the district court abused its discretion by dismissing his pendent state law claims, we conclude that this contention lacks merit. See Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir.1994). Because the district court's dismissal of the pendent state law claims was without prejudice, see Fed.R.Civ.P. 41, Tysch may seek adjudication of these claims in state court.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Tysch also sued defendants for breach of contract, trespass and damage to real property, and fraudulent tax billing