131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antal B. KURTA, Plaintiff-Appellant,
v.
CALIFORNIA STATE OF; Los Angeles City Of; Susan
Rempel-Black; James A. Stevens; Vera Weisz;
Richard K. Rogers; Livia Trnavska, (or
Kurta), Defendants-Appellees.
 No. 96-56377.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997**
Nov. 20, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-96-05057-SJH; George H. King, District Judge, Presiding
 Before HUG, Chief Judge, PREGERSCN and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Antal B. Kurta appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action seeking declaratory relief and damages from numerous defendants who allegedly violated Kurta's constitutional rights in proceedings regarding Kurta's divorce, the custody of his son, a criminal action and immigration proceedings. We affirm.
 
 
 3
 Kurta's complaint alleged that lawyers, judges, a social worker, an immigration officer and police officers conspired with Kurta's ex-wife to violate his rights and deny him custody of his son. Our examination of the record indicates the district court did not err by construing Kurta's complaint as an impermissible attempt to collaterally attack his state court child custody proceedings. See Branson v. Nott, 62 F.3d 287, 291 (9th Cir.1995).
 
 
 4
 Moreover, because the Eleventh Amendment generally bars actions in federal court against states or state agencies, the district court properly dismissed Kurta's claims seeking damages from the state and its employees See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir.1991), cert. denied, 503 U.S. 938 (1992). Kurta's complaint also failed to state a claim upon which relief may be granted against the remaining defendants. See Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir.1991); cert. denied. 503 U.S. 938 (1992); see also Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982) (vague and conclusory allegations are not sufficient to support a claim for civil rights violations based on conspiracy); contrast Kimes v. Stone, 84 F.3d 1121 (9th Cir.1996).
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Kurta's motion for oral argument and request for additional time is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject Kurta's contention that the district court was biassed. The district court did not err by failing to appoint an attorney to represent him, since this action does not present exceptional circumstances. See Terrell v. Brewer, 935 F.3d 1015, 1017 (9th Cir.1991). The district court also did not err by declining to appoint a guardian ad litem in this action for Kurta's son. See Johns v. County of San Diego, 114 F.3d 1243 (9th Cir.1957)