139 F.3d 904
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas GAULE, for Himself and as Co-Trustee and Beneficiary
of the Anne Marie Gaule Living Trust, Plaintiff-Appellant,
v.
COUNTY OF CLARK, Nevada; The County of Clark Office and
Department of Guardians and Administration, Jared
Shafer; Does 1-100 inclusive,
Defendants-Appellees.
 No. 97-15292.
D.C. No. CV-96-00903-PMP.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the District of Nevada Philip M. Pro, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thomas Gaule appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failing to file an opposition to defendants' motion to dismiss Gaule's amended complaint. The district court concluded that, by failing to file an opposition, Gaule had consented under the court's local rule to the granting of defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand with instructions to dismiss for lack of jurisdiction.
 
 
 3
 Upon our independent review of the record, see MacKay v. Pfeil, 827 F.2d 540, 542 (9th Cir.1987) (per curiam), we conclude that Gaule's § 1983 action constituted an impermissible collateral attack on a prior state court decision appointing defendant Shafer as the legal guardian of Gaule's mother, Anna Marie Gaule, and her estate. See Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995); MacKay, 827 F.2d at 543-45. Accordingly, the district court lacked subject-matter jurisdiction to adjudicate Gaule's purported § 1983 action. See Branson, 62 F.3d at 291-92.
 
 
 4
 Because the district court dismissed Gaule's action on the merits, see Wages v. IRS, 915 F.2d 1230, 1234 (9th Cir.1990), we must vacate the court's judgment and remand with instructions to enter judgment dismissing the action for lack of subject-matter jurisdiction. See Capitol Indus.--EMI v. Bennett, 681 F.2d 1107, 1118 (9th Cir.1982); see also MacKay, 827 F.2d at 543, 545.
 
 
 5
 Each side to bear its own costs.
 
 
 6
 VACATED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3