Patricia A. MCCOLM, Plaintiff–Appellant,

v.

State of CALIFORNIA; et al., Defendants–Appellees.

No. 01–16211.

D.C. No. CV–99–01613–MMC.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 19, 2002.

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM **

Patricia McColm appeals pro se the district court's judgment dismissing with prejudice for lack of subject matter jurisdiction, her action alleging that a vexatious litigant order entered against her by a California court is unconstitutional and violates the Americans with Disabilities Act ("ADA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals for lack of subject matter jurisdiction, *Sommatino v. United States,* 255 F.3d 704, 707 (9th Cir.2001). We affirm in part, vacate in part, and remand for entry of dismissal without prejudice.

Federal district courts lack jurisdiction to review final state court judgments even when the challenge to the state court decision involves federal constitutional issues. *See Branson v. Nott,* 62 F.3d 287, 291 (9th Cir.1995). District courts may, however, review a general constitutional challenge to an ongoing practice that does not require review of a final state court decision in a particular case. *See id.* at 292. McColm's claims are not general constitutional challenges to alleged ongoing practices; rather they are impermissible challenges to state court rulings. *See id.* at 291–92. Accordingly, the district court's dismissal of McColm's claims for lack of subject matter jurisdiction was proper.

The district court properly denied leave to amend because "if jurisdiction is lacking at the outset, the district court has 'no power to do anything, other than to dismiss the action.'" *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376, 1380–81 (9th Cir.1988) (citation omitted).

The district court, however, erred in dismissing McColm's action with prejudice. *See Frigard v. United States,* 862 F.2d 201, 204 (9th Cir.1988) (per curiam) (dismissal for lack of subject matter jurisdiction should be without prejudice so that the plaintiff may reassert his or her claim

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

in a competent court). Accordingly, we vacate the dismissal with prejudice and remand for entry of dismissal without prejudice.

The district court properly denied McColm's Fed R. Civ. P. 59(e) and 60(b) motion. *See Sch. Dist. No. 1J, Multnomah Cty. v. ACandS*, 5 F.3d 1255, 1262 (9th Cir.1993).

**AFFIRMED in part, VACATED in part AND REMANDED FOR ENTRY OF DISMISSAL WITHOUT PREJUDICE.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.