**Waltraud KRAUSE, Plaintiff— Appellant,**

v.

**Ronald M. GEORGE, Chief Justice; et al., Defendants—Appellees.**

Nos. 02–55417, 02–55880.
D.C. Nos. CV–01–10832–RSWL, CV–01–08385–RSWL.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2003.*

Decided March 31, 2003.

MEMORANDUM**

Waltraud Krause appeals the district court's dismissal of her 42 U.S.C. § 1983

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

actions alleging violation of her constitutional rights to due process, trial by jury, and access to the courts.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We reject Krause's contention that the *Rooker–Feldman* doctrine does not apply because the state court judgments at issue are void and the state court proceedings were not judicial in nature. Federal district courts may exercise only original jurisdiction; they have no authority to review the final determinations of state courts in judicial proceedings.[2] Because the district court would have to reverse the state court judgments to grant the relief sought by Krause's complaints, her "1983 claim[s] amount[ ] to nothing more than an impermissible collateral attack on prior state court decisions."[3]

Krause's § 1983 actions do not fit within the exception to the *Rooker–Feldman* doctrine for general constitutional challenges either.[4] To support her claims of deprivation of due process, Krause relies on specific rulings in her state court cases in which the judicial defendants allegedly misapplied the law. Such federal constitutional claims are inextricably intertwined with the state court decisions in Krause's particular cases, and the district court properly dismissed them under *Rooker–Feldman*.[5]

Finally, contrary to Krause's contention, her § 1983 claims do not fall within the exception to *Rooker–Feldman* carved out in *Robinson v. Ariyoshi*.[6] The record shows that Krause had many opportunities to present her constitutional claims in state court and that no state court explicitly refused to hear her claims. She "simply has not alleged an 'inability to be heard' that is analogous to the inability of the plaintiffs in *Robinson*, or that justifies a departure from the strictures of *Rooker–Feldman*."[7] Accordingly, the district court correctly dismissed both of Krause's § 1983 actions for lack of subject matter jurisdiction.[8]

1. We review de novo, *Transmission Agency of Cal. v. Sierra Pac. Power Co.*, 295 F.3d 918, 925 (9th Cir.2002).

2. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

3. *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995).

4. See *Feldman*, 460 U.S. at 482–86 (holding the district court does have jurisdiction over a general constitutional challenge that does not require review of a state court's decision in a particular case).

5. See *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir.2001) ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined.");

*Worldwide Church of God v. McNair*, 805 F.2d 888, 892–93 (9th Cir.1986) (holding that the district court lacked jurisdiction over § 1983 action challenging state court decisions as unconstitutional because the federal claims were inextricably intertwined with state court's application of law to the particular facts of the case).

6. 753 F.2d 1468 (9th Cir.1985) (holding that the district court had jurisdiction over federal constitutional claims that the Hawaii Supreme Court explicitly refused to consider), *vacated on other grounds*, 477 U.S. 902, 106 S.Ct. 3269, 91 L.Ed.2d 560 (1986).

7. *Partington v. Gedan*, 961 F.2d 852, 865 (9th Cir.1992).

8. Because the district court lacked subject matter jurisdiction over the actions, it need not have reached the alternative grounds for dismissal argued by the defendants, and we will not consider them on appeal. See *McNair*, 805 F.2d at 893 n. 5.

Krause's remaining contentions lack merit.

AFFIRMED.