Kenneth L. MICONE, Plaintiff–
Appellant,

v.

Shaun D. CAREY; Bill Harper; Cathy
Krolak; Larry Guy Sage; City of
Sparks, Defendants–Appellees.

No. 04–16811.

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2006.*

Filed Sept. 28, 2006.

Jeffrey A. Dickerson, Esq., Reno, NV,
for Plaintiff–Appellant.

Stanley H. Brown, Reno, CA, Chester
H. Adams, Esq., Sparks City Attorney's

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Office, Sparks, NV, for Defendants–Appellees.

Before: LEAVY and RYMER, Circuit Judges, and MOSKOWITZ **, District Judge.

MEMORANDUM ***

Kenneth Micone appeals the dismissal of his 42 U.S.C. § 1983 action against the defendants-appellees. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

■ The parties are familiar with the prior proceedings. In claims 1 and 3 of his complaint, Micone alleges that he was deprived of a property interest in his continued public employment without due process of law. "A public employer may meet its obligation to provide due process through grievance procedures established in a collective bargaining agreement, provided, of course, those procedures satisfy due process." *Armstrong v. Meyers,* 964 F.2d 948, 950 (9th Cir.1992). The defendants, in their motion to dismiss, attached the collective bargaining agreement (CBA). The CBA covers Micone as an employee. Article 31 of the CBA provides for detailed, multi-level grievance procedures. Because these procedures clearly satisfy due process under *Armstrong,* and Micone failed to allege that he availed himself of these procedures, Micone's complaint failed to state a due process claim under § 1983. We reject Micone's argument that the defendants repudiated the

CBA by denoting the termination order "confidential." The termination order was similar to most confidential employee records which come under scrutiny in a grievance proceeding.

In claim 2, Micone alleges that he was disciplined in the workplace in violation of his First Amendment rights. Specifically, Micone alleges that he complained about a coworker's threats of violence, that he complained about an illegal administrative regulation, and that he suffered discipline because of his protected speech.

We can affirm the district court's dismissal of a complaint on any basis that the record supports. *See Branson v. Nott,* 62 F.3d 287, 291 (9th Cir.1995). First Amendment rights are substantive in nature and may not be infringed regardless of the due process procedural protections associated with the infringement. "Depending on the circumstances, even minor acts of retaliation can infringe on an employee's First Amendment rights." *Coszalter v. City of Salem,* 320 F.3d 968, 975 (9th Cir.2003).

Micone's First Amendment claim fails because Micone did not allege sufficiently that he was engaged in protected speech. Speech is protected only when a public employee speaks as a citizen upon matters of public concern, rather than as an employee upon matters only of personal interest. *Connick v. Myers,* 461 U.S. 138, 147, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983).

■ Micone's complaint alleges that he complained of "a practice of a coworker of shoving people in the workplace, and of a coworker making threats of violence and 'calling plaintiff out' to fight in the parking lot or to engage in duels." This allegation

---

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

describes a disruptive co-worker. Without more, this allegation concerns speech that deals with an individual personnel dispute, and would have no relevance to the public's evaluation of the performance of the City or its municipal court. *See Coszalter,* 320 F.3d at 973. Additionally, Micone alleges that he brought to the City's attention an administrative regulation "concerning responsibility for discipline of court staff" that violated the CBA and the civil service rules, and, consequently, the administrative regulation was withdrawn two weeks after it was issued. Again, this allegation concerns internal personnel and discipline policies. The offending regulation was immediately withdrawn, and the event has no relevance to the public's evaluation of the City or its municipal court.

AFFIRMED.[1]

---

1. Judge Rymer concurs in the judgment.