**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| PIA D. BEATY, | Nos. 13-17499 |
| Plaintiff - Appellant, | 14-15100 |
| v. | D.C. No. 2:12-cv-01807-RCJ-NJK |
| SANTA ROSA III HOA, | MEMORANDUM[*] |
| Defendant - Appellee. |  |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted March 10, 2015[**]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

In these consolidated appeals, Pia D. Beaty appeals pro se from the district

court's judgment dismissing her action alleging violations of 42 U.S.C. § 1983 and

state laws and the district court's subsequent award of attorney's fees to defendant.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes these cases are suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

lack of subject matter jurisdiction. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 n.6 (9th Cir. 2004). We review for an abuse of discretion an award of attorney's fees under Federal Rule of Civil Procedure 11 and 42 U.S.C. § 1988. *Price v. State of Hawaii*, 939 F.2d 702, 709 (9th Cir. 1991). We affirm as to the judgment and vacate as to the attorney's fees.

In No. 13-17499, the district court properly dismissed Beaty's complaint for failure to establish federal subject matter jurisdiction. *See Poulos v. Caesars World, Inc.*, 379 F.3d 654, 662 (9th Cir. 2004) (there is no jurisdiction where a claim "appear[s] to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous" (citation and internal quotation marks omitted)); *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (if a district court dismisses federal claims for lack of subject matter jurisdiction, the court has no discretion to retain supplemental jurisdiction over the state law claims); *Price*, 939 F.2d at 707-08 (under § 1983, "private parties are not generally acting under color of state law").

Contrary to Beaty's contention, the district court did not abuse its discretion in dismissing Beaty's complaint without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (setting forth standard of review); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per

curiam) (discussing the factors that weigh against granting leave to amend, including bad faith and prejudice to defendant).

The district court did not abuse its discretion in denying Beaty's motions for disqualification of opposing counsel because the record supports the denial. *See Cohn v. Rosenfeld*, 733 F.2d 625, 631 (9th Cir. 1984) (this court "will not disturb a district court's ruling on a motion to disqualify counsel if the record reveals any sound basis for the court's action" (citation and internal quotation marks omitted)); *Paul E. Iacono Structural Eng'r, Inc. v. Humphrey*, 722 F.2d 435, 438 (9th Cir. 1983) (setting forth standard of review).

In No. 14-15100, the district court did abuse its discretion in awarding attorney's fees for defendant under Federal Rule of Civil Procedure 11 and 42 U.S.C. § 1988 after dismissing for lack of subject matter jurisdiction and entering judgment. *See* Fed. R. Civ. P. 11(c); *Branson v. Nott*, 62 F.3d 287, 292-93 (9th Cir. 1995) (attorney's fees cannot be awarded under § 1988 following a dismissal for lack of subject matter jurisdiction).

Beaty's motions, filed August 9, 2014 and January 27, 2015, are denied as unnecessary.

**Appeal No. 13-17499: AFFIRMED.**

**Appeal No. 14-15100: VACATED.**