Kevin L. **BARNHILL,** Plaintiff—Appellant,

v.

Peter W. **BERNEY,** Assistant Attorney General; et al., Defendants.

No. 02–36103.

D.C. No. CV–02–01938–RSL.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 20, 2004.

Kevin L. Barnhill, Aberdeen, WA, pro se.

Before PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM**

Washington state prisoner Kevin L. Barnhill appeals pro se the district court's judgment dismissing without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), his 42 U.S.C. § 1983 action alleging that prison officials and an assistant attorney general for Washington state conspired to transfer him from one prison to another in retaliation for his filing of a civil rights action against them. We have jurisdiction under 28 U.S.C. § 1291. We review de

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

novo, *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order), and we affirm on different grounds than those asserted by the district court that are supported in the record. *See Branson v. Nott,* 62 F.3d 287, 291 (9th Cir.1995).

The district court properly dismissed Barnhill's action because Barnhill conceded that he failed to exhaust prison administrative remedies on the face of his complaint. See 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 738–40, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (requiring exhaustion regardless of whether the relief sought is available through the administrative grievance process); *Wyatt v. Terhune,* 315 F.3d 1108, 1120 (9th Cir.2003) (indicating that sua sponte dismissal may be appropriate where the record is clear that prisoner conceded nonexhaustion).

**AFFIRMED.**