Karen K. WHEELER, Petitioner
Below, Appellant,

v.

Walter E. WHEELER, Respondent
Below, Appellee.

Supreme Court of Delaware.

Submitted: Nov. 16, 1993.
Decided: Dec. 16, 1993.

Francine R. Solomon (argued), and John T. Gallagher of Francine R. Solomon, P.A., Wilmington, for appellant.

Robert B. Coonin (argued), and Gerald Z. Berkowitz of Berkowitz, Schagrin, Coonin & Cooper, Wilmington, for appellee.

Before VEASEY, C.J., MOORE, and HOLLAND, JJ.

HOLLAND, Justice:

This is an appeal from the Family Court. In a final judgment, the Family Court awarded the respondent-appellee, Walter E. Wheeler[1] ("the Husband"), attorney's fees which he had incurred in successfully defending an appeal to this Court. The petitioner-appellant, Karen K. Wheeler ("the Wife"), seeks to reverse that award.

The Wife has raised two arguments in this appeal. First, she contends that the Family Court did not have jurisdiction to award attorney's fees, which were incurred in defending an appeal, in the absence of a remand from this Court for that purpose. Second, and alternatively, the Wife argues that the Family Court abused its discretion in awarding attorney's fees to the Husband.

We have carefully considered the Wife's contentions. We have concluded that both arguments are without merit. Therefore, the judgment of the Family Court is affirmed.

### Facts

The litigation between these parties has been before this Court on three prior occasions (No. 440, 1990; No. 142, 1992; and No. 407, 1992). Each of those proceedings was also an appeal filed by the Wife from a Family Court decision in favor of the Husband. Upon motion of the Husband, this Court dismissed the Wife's first appeal (No. 440, 1990), 599 A.2d 414 as interlocutory. Thereafter, the Family Court awarded attorney's fees to the Husband for the expenses which he had incurred in having that improper interlocutory appeal dismissed.

The Wife's second appeal (No. 142, 1992) was filed after the Family Court entered a final judgment on the ancillary matters over which it had retained jurisdiction. The Wife's second appeal to this Court sought review of the decisions of the Family Court dated July 10, 1990; August 20, 1990; October 30, 1990; November 30, 1990; January 4, 1991; letter dispositions dated January 17, 1991 and April 16, 1991; decisions dated October 1, 1991; November 1, 1991; January 8, 1992; January 27, 1992; and two orders dated March 4, 1992.[2] This Court affirmed the final judgment of the Family Court relating to ancillary matters "on the basis of and for the reasons assigned by the Family Court in its well reasoned decisions." This Court's decision in appeal No. 142, 1992, included the affirmance of the Family Court's separate awards of attorney's fees against the Wife for bad faith pleading, in violation of Family Court Civil Rule 11,[3] and for defending the improper interlocutory appeal in No. 440, 1990.

---

1. Pursuant to Supreme Court Rule 7(c), the names of the parties in the caption are pseudonyms selected by this Court.

2. Those decisions divided the marital estate thirty-five percent to the wife and sixty-five percent to the Husband, permitted deduction of the costs of certain limited partnerships from the marital estate; valued certain stock options as of the date of distribution; denied the Wife permanent alimony; assessed the Wife thirty-five percent of the taxes, insurance, and extraordinary maintenance on the former marital home; and required the Wife to pay a portion of the Husband's attorney's fees.

3. Family Court Civil Rule 11 provides in pertinent part:

> The signature of an attorney or party constitutes a certification ... that to the best of the person's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law ... and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

On September 11, 1992, the Wife filed her third appeal (No. 407, 1992) from a decision of the Family Court dated September 3, 1992. That decision had awarded the Husband additional attorney's fees for the Wife's bad faith filing of a Rule to Show Cause why the Husband should not be held in contempt for violating an order regarding the conditions under which the marital residence was to be listed for sale.[4] The Family Court determined that the particular conditions asserted by the Wife did not, in fact, exist in its order. In making its award of attorney's fees, the Family Court found the hourly rate charged by the Husband's attorney to be reasonable and in conformity with Rule 1.5 of the Delaware Lawyers' Rules of Professional Conduct. The Wife voluntarily dismissed her appeal in No. 407, 1992 on December 8, 1992.

Following this Court's affirmance in No. 142, 1992, the Husband filed an application with the Family Court for an award of the attorney's fees he had incurred in defense of that appeal. The Husband's application for attorney's fees asserted that a significant portion of those fees "could be attributed to Wife and her counsel's litigious attitudes." In her response, the Wife asserted that "the record speaks for itself."

The Family Court awarded the Husband $16,562.12 in attorney's fees. That sum represented payment in full for the legal expenses that the Husband had incurred in defending the appeal in No. 142, 1992. In this fourth appeal, the Wife challenges that award.

### Attorney's Fees
### Family Court Original Jurisdiction

■ This action was originally commenced in the Family Court when the Wife filed a petition for divorce. 13 Del.C. § 1505. After the divorce was granted, the Family Court entered an order dividing the parties' marital property. 13 Del.C. § 1513. The Family Court's final judgment and virtually all of its interlocutory rulings on ancillary matters were appealed by the Wife, defended by the Husband, and affirmed by this Court. 13 Del.C. § 1522(a)(3).

The authority for the Family Court to order the payment of attorney's fees by one party to another is set forth in 13 Del.C. § 1515:

The Court from time to time after considering the financial resources of both parties may order a party to pay all or part of the cost to the other party of maintaining or defending any proceeding under this title and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after the entry of judgment. The Court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

The word "Court" in Section 1515, as defined in Section 1503(2), "means Family Court of the State." 13 Del.C. § 1503(2). The words "defending any proceeding under this title" in Section 1515 includes any appeals to this Court pursuant to Section 1522(a)(3). 13 Del.C. § 1522(a)(3). Section 1515 specifically provides that the Family Court is authorized to award attorney's fees "*after* the entry of judgment." 13 Del.C. § 1515 (emphasis added). The Family Court's jurisdiction to award attorney's fees following an appeal is not dependent upon a remand from this Court for that purpose. The unambiguous language of the statute confers original jurisdiction upon the Family Court to award attorney's fees following an appeal to this Court. The Wife's argument to the contrary is without merit. In the case *sub judice*, we hold that the Family Court had original jurisdiction to award the Husband attorney's fees which were incurred on appeal in No. 142, 1992, i.e., in *defending* a *proceeding* under Title 13 *after* the entry of the Family Court's judgment. 13 Del.C. § 1515.

### Attorney's Fees
### Family Court's Discretion

■ The Family Court entered a final judgment in favor of the Husband in the

---

4. The pendency of an appeal does not divest the Family Court of jurisdiction to enforce any of its orders which have not been stayed. *See Schmidt* *v. Schmidt*, Del.Supr., 610 A.2d 1374, 1376 (1992).

amount of $16,652.12 for attorney's fees that he incurred in defending an appeal. The basis for that ruling was its determination that the Wife was "litigious." The Wife contends that the Family Court's judgment should be reversed because it did not properly apply 13 *Del.C.* § 1515, Family Court Civil Rule 88, and Rule 1.5 of the Delaware Lawyers' Rules of Professional Conduct.

Section 1515 requires the Family Court to consider, *inter alia*, the "financial resources of both parties." Family Court Civil Rule 88 provides:

In every case where there is a legal or equitable basis therefor the Court may assess a party the reasonable counsel fees of any other party. Where counsel fees are requested the attorney shall submit to the Court an Affidavit stating the following:

(1) time and effort expensed;

(2) an itemization of services rendered;

(3) relevant hourly rates;

(4) itemization of disbursements claimed;

(5) any sums received or that will be received with respect to legal services and/or disbursements; and

(6) any information that will enable the Court to properly weigh the relevant factors set forth in the Rules of Professional Conduct, Rule 1.5.

Rule 1.5 of the Delaware Lawyers' Rules of Professional Conduct provides:

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation and ability of the lawyers performing the service; and,

(8) whether the fee is fixed or contingent.

The record does not support the Wife's contention for alternative reasons, both of which are dispositive. First, the Wife's claim is procedurally barred. Second, the Wife's claim is without substantive merit.

The Wife's claim is procedurally barred in this appeal because it was not presented to the Family Court. Supr.Ct.R. 8. In the Wife's response to the Husband's motion for attorney's fees, she denied that her conduct had been litigious. However, her response did not raise any of her present contentions relating to 13 *Del.C.* § 1515, Family Court Civil Rule 88, and Rule 1.5 of the Delaware Lawyers' Rules of Professional Conduct. If those contentions had been raised by the Wife, perhaps the Family Court, in its discretion, would have held a hearing on the Husband's motion for an award of attorney's fees.

█ Alternatively, the record reflects that the Wife's claim is without substantive merit. The Wife's effort to compartmentalize the record for the purpose of our present appellate review is not persuasive. The Family Court ruled upon the Husband's application for attorney's fees in the context of a record which had been developed in that court over a period of years.

In this case, the Family Court had before it the Husband's motion for attorney's fees, supported by sworn affidavits; the Wife's response to that motion; and its own complete record and prior rulings. That record provided a basis for its decision in accordance with 13 *Del.C.* § 1515, Family Court Civil Rule 88, and Rule 1.5 of the Delaware Lawyers' Rules of Professional Conduct.

Section 1515 directs the Family Court to consider the "financial resources of both parties." 13 *Del.C.* § 1515. The record reflects

that the Family Court was aware of the "financial resources" of these parties. Following a full hearing, it had divided their marital assets. This Court affirmed that decision in appeal No. 142, 1992.

■ In its decision of September 3, 1992, the Family Court explicitly determined that the hourly rates requested by the Husband's attorney were reasonable and satisfied the standards established by Rule 1.5 of the Delaware Lawyers' Rules of Professional Conduct. *Ergo,* the Family Court found that the rates implicitly complied with Family Court Civil Rule 88, which incorporates Rule 1.5 by reference. The decision concluded that the Wife's counsel had committed a violation of Family Court Civil Rule 11. Although the Wife initially appealed that decision to this Court in No. 407, 1992, she later voluntarily dismissed that appeal. With that dismissal, the Family Court's findings regarding the reasonableness of the hourly rates charged by the Husband's counsel became the law of the case for the proceedings between these parties. *See Haveg Corp. v. Guyer,* Del. Supr., 211 A.2d 910, 912 (1965).

Finally, in this appeal the Wife's opening brief does not challenge the Family Court's finding that she was litigious. Therefore, her ability to challenge that finding has been waived on appeal. *See Murphy v. State,* Del.Supr., 632 A.2d 1150 (1993). Therefore, the Family Court's finding that the Wife was litigious is uncontroverted.

■ The Family Court has broad discretion in determining whether to award attorney's fees pursuant to Section 1515. *Gray v. Gray,* Del.Supr., 503 A.2d 198, 204 (1986). The fact that the Family Court has broad discretion does not mean that such an award can be made arbitrarily. *Husband B.W.D. v. Wife B.A.D.,* Del.Supr., 405 A.2d 123, 125 (1979). It does mean, however, since a discretionary standard of appellate review is deferential, that such rulings will not be disturbed by this Court if there is evidence to support the Family Court's findings. *Walter S.J. v. M. Lorraine J.,* Del.Supr., 457 A.2d 319, 327 (1983). In the case *sub judice,* the evidence in the record supports the Family Court's award of attorney's fees to the Husband.

*Conclusion*

The final judgment of the Family Court, which awarded the Husband the legal expenses that he had incurred in defending an appeal to this Court, is AFFIRMED.