IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SAMUEL J. TANNER,* | § | |
| | § | No. 162, 2016 |
| Respondent Below, | § | |
| Appellant, | § | Court Below: |
| | § | Family Court of the |
| v. | § | State of Delaware, in and for |
| | § | New Castle County |
| TERESA L. ALLEN, | § | |
| | § | File No. CN12-06785 |
| | § | |
| Petitioner Below, | § | Petition Nos. 13-23165 |
| Appellee. | § | 14-14068 |

Submitted: September 28, 2016
Decided: October 21, 2016

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

## O R D E R

This 21st day of October 2016, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) Samuel J. Tanner ("Tanner") filed this appeal from the Family Court's March 1, 2016 Order awarding Teresa L. Allen reimbursement of $12,472.22 in attorney's fees incurred in litigation related to the parties' divorce proceedings.[1] In granting Allen's Motion for Attorney's Fees and Costs (the "Motion"),[2] the Family Court

---

* By Order dated March 31, 2016, the Court assigned pseudonyms to the parties. Del. Supr. Ct. R. 7(d).

[1] Order, [*Allen v. Tanner*], No. CN12-06785 (Del. Fam. Ct. Mar. 1, 2016) [hereinafter "Order at __"], *available at* Op. Br. Ex. A.

[2] Pet'r.'s Mot. and Aff. for Att'y's Fees and Costs, [*Allen v. Tanner*], No. CN12-06785 (Del. Fam. Ct. Feb. 22, 2016) [hereinafter "Mot. at A__"], *available at* A14-20.

1

held that Tanner "exhibited excessively litigious behavior and dilatory conduct[.]"[3]

(2)     On July 15, 2013, Allen filed a petition for divorce in the Family Court. Tanner was served with a summons on July 28, 2013, but did not participate in the divorce proceedings. The Family Court entered an uncontested final decree of divorce on September 11, 2013. On January 14, 2014, the Family Court entered default orders as to the ancillary matters of property division, counsel fees, and court costs. Tanner first appeared in the Family Court on March 18, 2014, when he moved to reopen the divorce proceedings. The Family Court denied the motion to reopen, and Tanner appealed to this Court on May 8, 2014.

(3)     On May 30, 2014, while Tanner's appeal was pending, Allen filed a rule to show cause petition with the Family Court, alleging that Tanner had not complied with the Family Court's January 2014 orders. Tanner filed a motion to stay pending appeal on June 9, 2014, which was denied on June 18, 2014. On September 3, 2014, the Family Court granted Allen's petition and found Tanner in contempt. Tanner filed a motion for reargument on September 10, 2014, which was denied on October 14, 2014. On November 7, 2014, Tanner appealed the Family Court's contempt order and denial of his motion to reargue the rule to show cause petition. He then filed motions to stay his obligations under the Family Court's orders, which were denied. On January 26, 2015[4]

---

[3] Order at 1.
[4] *Tanner v. Allen*, 2015 WL 327144 (Del. Jan. 26, 2015) [hereinafter "*Tanner I*, 2015 WL 327144, at __"].

and August 20, 2015,[5] this Court affirmed the Family Court's rulings in Tanner's first and second appeals, respectively. This Court denied Tanner's motion for reargument and a rehearing *en banc* of his first appeal on February 12, 2015.[6]

(4) On February 22, 2016, Allen filed the Motion at issue in this appeal, seeking partial reimbursement of attorney's fees incurred to "protect and enforce" the Family Court's default orders.[7] On March 1, 2016, the Family Court granted Allen's Motion, finding that Tanner "exhibited excessively litigious behavior and dilatory conduct by refusing to comply with [the] Court's orders."[8] The Family Court's Order, the form of which was prepared by Allen's counsel, did not analyze the parties' financial resources. However, it stated that "[t]his fee award is made after considering the financial circumstances of the parties pursuant to 13 *Del. C.* § 1515 and factors set forth in Fam. Ct. Civ. P. R. 88 and Del. Prof. Cond. R. 1.5."[9] On March 31, 2016, Tanner filed this appeal.

(5) Tanner raises two issues on appeal. *First*, he contends that the Family Court did not have sufficient information concerning the parties' financial resources to award attorney's fees pursuant to 13 *Del. C.* § 1515. He alleges that Allen's purportedly superior financial position precludes an award of attorney's fees in her favor under Section 1515. *Second*, Tanner argues that the Family Court erred when it found that he

---

[5] *Tanner v. Allen*, 2015 WL 4967261 (Del. Aug. 20, 2015) [hereinafter "*Tanner II*, 2015 WL 4967261, at __"].
[6] *Tanner v. Allen*, No. 236, 2014 (Del. Feb. 12, 2015), *available at* B2.
[7] Mot. at A19 ¶ 15.
[8] Order at 1.
[9] *Id.* (italics added).

was excessively litigious. Allen responds that the Family Court properly exercised its broad discretion in granting her Motion after giving proper consideration to all relevant factors, including the adverse financial impact of Tanner's conduct before the Family Court.

(6) When reviewing a Family Court award of attorney's fees, "this Court must apply the deferential abuse of discretion standard of review and, in the absence of an abuse of discretion, must affirm the Family Court's award, even though we might have reached a different conclusion."[10] "The Family Court has broad discretion in deciding whether to award attorney's fees and costs."[11] Such an award "must not be made arbitrarily and must be supported by the evidence."[12] "[A] statement as to the reasons for an award of costs and fees should appear in the record."[13]

(7) "The authority for the Family Court to order the payment of attorney's fees by one party to another is set forth in 13 *Del. C.* § 1515[.]"[14] Section 1515 provides:

> The Court from time to time after considering the financial resources of both parties may order a party to pay all or part of the cost to the other party of maintaining or defending any proceeding under this title and for attorneys' fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after the entry of judgment. The Court may order that the amount be paid directly to the attorney, who may enforce the order in his or her name.[15]

The statute specifically ties the awarding of fees and costs to the financial condition of

---

[10] *Kane v. Burnett*, 2003 WL 231619, at *1 (Del. Jan. 30, 2003) (citation omitted).

[11] *Thomas v. Thomas*, 102 A.3d 1138, 1150 (Del. 2014) (*en banc*) (citations omitted).

[12] *Id.* (quoting *Lynam v. Gallagher*, 526 A.2d 878, 885 (Del. 1987)) (quotation marks omitted).

[13] *Julin v. Julin*, 787 A.2d 82, 84 (Del. 2001) (citing *Lee v. Green*, 574 A.2d 857, 859 (Del. 1990)).

[14] *Wheeler v. Wheeler*, 636 A.2d 888, 890 (Del. 1993).

[15] 13 *Del. C.* § 1515.

the parties. However, "[a]lthough Section 1515 is most often invoked to provide a financially disadvantaged spouse with the financial resources to prosecute or defend an action, the Family Court may also grant an award of attorneys' fees based on other equitable considerations."[16] Additionally, Family Court Civil Rule 88 permits the Family Court to order a party to pay the other party's attorney's fees "where there is a legal or equitable basis therefor[.]"[17]

(8) The Family Court's finding that a party's conduct prolonged litigation or made it unnecessarily expensive, if supported by the record, may constitute an equitable consideration warranting a fee award.[18] With respect to fees awarded based on overly litigious conduct, this Court has recognized "the importance of making overly litigious parties accountable for their conduct."[19] However, an award for attorney's fees cannot be

---

[16] *Olsen v. Olsen*, 971 A.2d 170, 176-77 (Del. 2009) (citing *Scarpinato v. Nehring*, 2003 WL 22250510, at *1 (Del. Sept. 26, 2003); *Smith v. Francisco*, 2001 WL 578571, at *2 (Del. May 16, 2001)); *see also Thomas*, 102 A.3d at 1151 ("The purpose of [Section] 1515 is to provide a financially disadvantaged spouse with the financial resources to prosecute or defend a [divorce] action." (quoting *Mays v. Mays*, 1988 WL 141148, at *2 (Del. Nov. 23, 1988)) (alteration in original) (internal quotation marks omitted)).

[17] Fam. Ct. Civ. R. 88. Rule 88 also sets forth factors for the Family Court to consider in setting the amount of the award, including the standards for attorney's fees provided in Delaware Lawyers' Rule of Professional Conduct 1.5. *Id.*

[18] *See Olsen*, 971 A.2d at 177 (finding no abuse of discretion in an award of attorney's fees to wife where the Family Court's finding that husband's "evasive and untruthful testimony . . . imposed unfair and burdensome additional costs" on wife was supported by the record); *Scarpinato*, 2003 WL 22250510, at *1 (affirming an award of attorney's fees where the Family Court found that husband's "elusive behavior" and failure to disclose marital assets precluded settlement and constituted "egregious" conduct); *Lee*, 574 A.2d at 859 (affirming an award of fees under Sections 513(4) and 1515 where the Family Court found that "husband had increased the costs [of the litigation] by taking what was deemed to be unreasonable and untenable positions"); *Mays*, 1988 WL 141148, at *2 (affirming an award of fees under Section 1515 based on a party's "litigation posture of excessively pursuing issues of little or no merit").

[19] *Francisco*, 2001 WL 578571, at *2.

"supported only by the fact that [the party ordered to pay fees] was the losing party."[20]

(9) Here, the Family Court did not abuse its discretion in granting Allen's Motion. *First*, Tanner's contention that the Family Court erred by not analyzing the relative financial resources of the parties is without merit. Section 1515 states that the Family Court must "consider[] the financial resources of both parties . . . ."[21] The Order states that the Family Court awarded fees "after considering the financial circumstances of the parties pursuant to [Section] 1515 and factors set forth in Fam. Ct. Civ. P. R. 88[.]"[22] Additionally, Rule 88 permits the Family Court to order a party to pay another party's attorney's fees if there is a "legal or equitable basis therefor[.]"[23] The Family Court's reference to Tanner's "excessively litigious conduct and dilatory behavior" suggests that the fee award was premised on equitable considerations other than the relative financial positions of the parties. Tanner does not argue that Section 1515

---

[20] *Id.* (applying 13 *Del. C.* § 731, pertaining to awards of attorney's fees in child custody proceedings).

[21] 13 *Del. C.* § 1515.

[22] Order at 1. Ideally, the Family Court might have explained its consideration of the parties' relative financial positions in its Order. However, we do not believe its failure to do so constitutes reversible error, particularly given the Family Court's familiarity with the parties and their respective assets. *Cf. Wheeler*, 636 A.2d at 891-92 (observing that the Family Court was aware of the parties' relative financial positions because it had divided marital assets following a full hearing). Here, there was no hearing on the division of marital property. However, this Court affirmed the Family Court's denial of Tanner's motion to reopen, in which the Family Court found that it had sufficient information to decide Allen's motion for default judgment as to property division without a hearing. *See* Order at 3-5, [*Allen v. Tanner*], No. 12-06785 (Del. Fam. Ct. Apr. 28, 2014) (noting also that "[n]ot only did [Tanner] not file his financial report, he . . . in no way appeared or attempted to appear, plead, or otherwise defend himself in this matter" despite having "ample opportunity to respond to [Allen's] claims and provide the [c]ourt with information upon which it could determine its final judgment"), *aff'd Tanner I*, 2015 WL 327144, at *1.

[23] Fam. Ct. Civ. R. 88.

6

precludes the Family Court from exercising its discretion in this way.[24]

(10) *Second*, Tanner has not demonstrated that the Family Court erred in characterizing his conduct as excessively litigious. Although Tanner's appeals were not manifestly without merit,[25] they both resulted from Tanner's failure to adequately participate in the Family Court proceedings or comply with Family Court orders.[26] Based on this record, it appears that Tanner's conduct unnecessarily prolonged resolution of the

---

[24] Tanner does not point to any authority suggesting that a disparity in income between parties precludes the Family Court from awarding fees to the higher-earning party if equitable considerations support such an award. In his Reply Brief, Tanner cites *Smith v. Francisco* for the proposition that, in order for the Family Court to award fees pursuant to Section 1515, "there must be current evidence that the party from whom the fees are sought is in a position of financial superiority." Reply Br. 1 (citing *Francisco*, 2001 WL 578571). *Francisco* did not construe Section 1515 and does not otherwise support Tanner's assertion. In *Francisco*, this Court ordered the Family Court to explain why it awarded fees after a custody dispute pursuant to 13 *Del. C.* § 731. *Francisco*, 2001 WL 578571 at *1. The Family Court explained that one party, Smith, had been "litigious" and that "neither party [was] in a position of financial superiority over the other[.]" *Id.* This Court observed that the Family Court ignored the "potentially significant equitable factor[]" that "Francisco may be in a better financial position than Smith." *Id.* at *2. This Court further noted that "the Family Court did not obtain any current information before concluding that neither party was in a position of financial superiority." *Id.* Because this and other factors were ignored by the Family Court, this Court concluded that "the award was supported only by the fact that Smith was the losing party." *Id.* *Francisco* does not set forth a rule that the Family Court can *never* award attorney's fees to a party with greater income. Instead, this Court's comments appear limited to the context of assessing the Family Court's analysis in that case. Additionally, in contrast to the Family Court in *Francisco*'s general statement that Smith was "litigious[,]" the Family Court in this case specifically explained that its fee award was based on Tanner's "excessively litigious behavior and dilatory conduct by refusing to comply with [the] [c]ourt's Orders." Order at 1.

[25] *See* Order, *Tanner v. Allen*, No. 626, 2014 (Del. Feb. 18, 2015), *available at* A12 (denying Allen's motion to affirm Tanner's first appeal); Order, *Tanner v. Allen*, No. 236, 2014 (Del. Aug. 15, 2014), *available at* A13 (denying Allen's motion to affirm Tanner's second appeal).

[26] Tanner was served with Allen's petition for divorce on July 28, 2013. The Family Court entered a final decree of divorce on September 11, 2013 without any response from Tanner. The Family Court then entered default orders concerning ancillary matters on January 14, 2014, but Tanner still did not respond until over two months later, on March 18, 2014. But for Tanner's failure to participate in the divorce proceedings, his motion to reopen such proceedings and his appeal of such motion's denial would not have occurred. Similarly, but for Tanner's failure to comply with the Family Court's Orders, Allen would not have needed to file the rule to show cause petition that resulted in Tanner being held in contempt.

7

parties' divorce, causing Allen to incur substantial legal fees.[27]  Allen's Motion sought, and the Family Court awarded, a portion of those fees.[28]

(11)    The Family Court's finding that Tanner was "excessively litigious" and "dilatory" was supported by the record, and its decision to award a portion of Allen's attorney's fees on that basis "after considering the financial circumstances of the parties pursuant to 13 *Del. C.* § 1515 and factors set forth in Fam. Ct. Civ. P. R. 88" was not an abuse of discretion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Family Court be, and the same hereby is, AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[27] According to Allen's Motion, she incurred $14,510.14 in attorney's fees and costs "to protect and enforce the original Default Judgment of $11,403.50."  Mot. at A19 ¶ 15.
[28] *Id.* (stating that Allen incurred $14,510.14 in attorney's fees and sought reimbursement of $12,472.22).