[6] 59 A.3d 1206 (Del. 2012) (per curiam).
[7] 68 A.3d 665 (Del. 2013).
[8] 636 A.2d 888 (Del. 1993).
[9] 1999 WL 1223792 (Del. Super. Nov. 3, 1999).
[10] Gatz , 59 A.3d at 1222.
[11] Id. (footnote omitted).
[12] See ASB Allegiance Real Estate Fund v. Scion Breckenridge Managing Member, LLC (Scion I ), 50 A.3d 434, 447 (Del. Ch. 2012).
[13] Scion II , 68 A.3d at 683-84.
id="fr14">14 See id. at 683-88.
[15] Id. at 688.
[16] Id.
[17] Id. (internal quotation marks omitted) (quoting Gatz , 59 A.3d at 1222 n.96 ).
[18] See Wheeler , 636 A.2d at 890 (citing 13 Del. C. § 1515 ).
[19] Id.
[20] Wilmington Condo. , 1999 WL 1223792, at *2 ; accord New Castle Auto Auction & Consignments, Inc. v. Riley , 2017 WL 2676966, at *2 (Del. Com. Pl. Apr. 17, 2017).
[21] See Plummer v. Sherman , 861 A.2d 1238, 1242 (Del. 2004) ("[T]he Delaware Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure. We therefore find certain federal cases appropriate for determining the proper interpretation of the Delaware Rules of Civil Procedure.").
[22] 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).
[23] Id. at 407, 110 S.Ct. 2447.
id="fr24">24 See id. at 406, 110 S.Ct. 2447 (describing decisions issued by the United States Courts of Appeals for the First and Seventh Circuits).
[25] Id. (describing decisions issued by the United States Courts of Appeals for the Fourth and Ninth Circuits).
[26] Id. at 408, 110 S.Ct. 2447.
[27] Id.
[28] See Emerald P'rs v. Berlin , 811 A.2d 788, 790-91 (Del. 2001) ("This Court has consistently held, and recently reaffirmed, that a judgment on the merits is not final until an outstanding application for an award of attorney's fees has been decided."); accord Lipson v. Lipson , 799 A.2d 345, 348 (Del. 2001) ; Gaffin v. Teledyne, Inc. , 602 A.2d 1081, 1991 WL 181488, at *1 (Del. 1991) (TABLE); Moskowitz v. Moskowitz , 588 A.2d 1142, 1991 WL 32164, at *1 (Del. 1991) (TABLE). Before these decisions, the Court of Chancery had on occasion deferred considering an application for fees and expenses until after the outcome of the appeal on the merits, resulting in two potential appeals. See, e.g. , Campbell v. Caravel Acad., Inc. , 1989 WL 25804, *1 (Del. Ch. Mar. 16, 1989) (resolving "the issue of attorney fees and costs" following the Delaware Supreme Court's affirmance of the decision resolving the merits because "[c]osts and attorney fees are best addressed after the appellate process is completed").
[29] See In re Del Monte Foods Co. S'holders Litig. , 2011 WL 2535256, at *7 n.2 (Del. Ch. June 27, 2011).
[30] See, e.g. , RBC Capital Mkts., LLC v. Jervis , 129 A.3d 816, 876-79 (Del. 2015) ; Biolase, Inc. v. Oracle P'rs, L.P. , 97 A.3d 1029, 1036 (Del. 2014) ; Crombie v. Paron Capital Mgmt., LLC , 62 A.3d 1223, 2013 WL 1087643, at *1 (Del. 2013) (TABLE); SIGA Techs., Inc. v. PharmAthene, Inc. , 67 A.3d 330, 352-53 (Del. 2013) ; Black v. Staffieri , 2013 WL 1045221, at *1 (Del. 2013) (TABLE); Ams. Mining Corp. v. Theriault , 51 A.3d 1213, 1252-62 (Del. 2012) ; Reserves Dev. LLC v. Crystal Props., LLC , 986 A.2d 362, 369 (Del. 2009) ; Brown v. Lacey , 670 A.2d 1336, 1995 WL 715633, at *2 (Del. Oct. 30, 1995) (TABLE).
[31] See Hill Int'l, Inc. v. Opportunity P'rs L.P. , 119 A.3d 30, 36-37 (Del. 2015) (discussing "our long established policy against piecemeal appeals" and "reiterat[ing] our policy against piecemeal appeals"); Tyson Foods, Inc. v. Aetos Corp. , 809 A.2d 575, 580 (Del. 2002) ("The policy underlying the final judgment rule is one of efficient use of judicial resources through disposition as a whole, rather than piecemeal."); see also Supr. Ct. R. 42(b)(ii) ("Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scare party and judicial resources.").
[32] Fed. R. Civ. P. 54 advisory committee's notes to 1993 amendment ("Filing a motion for fees under this subdivision does not affect the finality or the appealability of a judgment, though revised Rule 58 provides a mechanism by which prior to appeal the court can suspend the finality to resolve a motion for fees. If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice ... [until] after the appeal has been resolved.").
[33] See Mary Ann Pensiero, Inc. v. Lingle , 847 F.2d 90, 99 (3d Cir. 1988).
[34] Id.
[35] See, e.g. , Cmty. Elec. Serv. of L.A., Inc. v. Nat'l Elec. Contractors Ass'n, Inc. , 869 F.2d 1235, 1242 (9th Cir. 1989) (declining to follow Lingle and permitting filing of Rule 11 application after entry of final order), abrogated on other grounds by Townsend v. Holman Consulting Corp. , 929 F.2d 1358 (9th Cir. 1990). The Third Circuit has not extended its supervisory rule to applications under 28 U.S.C. § 1927, instead permitting a Section 1927 application to be filed within a reasonable time after judgment has been entered. In re Schaefer Salt Recovery, Inc. , 542 F.3d 90, 101-02 (3d Cir. 2008) ; accord Steinert v. Winn Gp., Inc. , 440 F.3d 1214, 1223 (10th Cir. 2006). Section 1927 provides as follows: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.
[36] Fed. R. Civ. P. 54(d)(2)(B)(i). For example, the Equal Access to Justice Act creates a statutory scheme for filing fee petitions. See Scafar Contr., Inc. v. Sec'y of Labor , 325 F.3d 422 (3d Cir. 2003).
[37] Fed. R. Civ. P. 54 advisory committee's notes to 1993 amendment.
[38] Id.
[39] Id.
[40] Cf. Blue Hen Mechanical, Inc. v. Christian Brothers Risk Pooling Trust , 117 A.3d 549, 550 (Del. 2015) (declining to entertain cause of action for malicious prosecution for an array of policy reasons, including that adjudicating a second lawsuit, after the entry of final judgment in the first, would result in "the least efficient and least just approach to addressing alleged bad faith conduct" because it would "encourage litigants feeling victimized by undignified litigation conduct to file a new suit, likely before anew judge," and that "even if the same judge who heard the original litigation that was supposedly tainted by malice heard the second suit, she would need to revive her memory and knowledge of the record at that later date").
[41] See Emerald P'rs , 811 A.2d at 791.
[42] See Wheeler , 636 A.2d at 890 ; Wilmington Condo. , 1999 WL 1223792, at *2.
--------