FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ANTONIO FERNANDEZ,

*Plaintiff-Appellant,*

v.

23676-23726 MALIBU ROAD, LLC, a California Limited Liability Company; BUNGALOW LIGHTING AND DESIGN, INC., a California Corporation,

*Defendants-Appellees.*

No. 22-55626

D.C. No. 2:21-cv-01163-DMG-PVC

OPINION

Appeal from the United States District Court for the Central District of California Dolly M. Gee, District Judge, Presiding

Argued and Submitted June 8, 2023 Pasadena, California

Filed July 26, 2023

Before:  Milan D. Smith, Jr. and Roopali H. Desai, Circuit Judges, and Carol Bagley Amon,[*] District Judge.

Opinion by Judge Roopali H. Desai

## SUMMARY[**]

### Americans with Disabilities Act / Attorneys' Fees

The panel reversed and vacated the district court's order awarding attorneys' fees to defendants following the dismissal for lack of standing of an action under the Americans with Disabilities Act.

The panel held that, because the district court dismissed the plaintiff's claim for lack of standing, it lacked jurisdiction to award fees under the Americans with Disabilities Act's fee provision, 42 U.S.C. § 12205.

## COUNSEL

Russell C. Handy (argued), Potter Handy LLP, San Francisco, California; Dennis Price, Center for Disability Access, San Francisco, California; for Plaintiff-Appellant.

---

[*] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

Michele A. Dobson (argued), Law Offices of Michael A. Dobson, Long Beach, California, for Defendants-Appellees.

## OPINION

DESAI, Circuit Judge:

Antonio Fernandez's claim under the Americans with Disabilities Act ("ADA") was dismissed for lack of standing. Thereafter, the district court considered and granted Malibu Road and Bungalow Lighting's motion for attorneys' fees under the ADA's fee provision, 42 U.S.C. § 12205. Mr. Fernandez did not appeal the dismissal of his ADA claim for lack of standing, but he appeals the award of attorneys' fees, arguing that his lawsuit was not frivolous. However, the issue before us is not whether Mr. Fernandez's claim was frivolous and therefore justified an award of fees, but rather whether there is a basis to award attorneys' fees under the ADA's fee provision after the underlying claim has been dismissed on jurisdictional grounds. We find that, because the district court dismissed Mr. Fernandez's underlying ADA claim for lack of standing, the court did not have jurisdiction to award fees under the ADA's fee provision. We reverse and vacate the award.

## BACKGROUND

Antonio Fernandez has paraplegia and uses a wheelchair for mobility. Mr. Fernandez sued defendants, a lighting and design store, alleging that he visited defendants' store in November 2020 and that the store did not comply with the ADA and California's Unruh Civil Rights Act because its aisles were too narrow. But in November 2020—in the

depths of the COVID-19 pandemic—defendants' store was open to the public only by appointment. Defendants moved for summary judgment and, in support of their motion, submitted a declaration from the store's owner, Kevin McEvoy, attesting that no client in a wheelchair had an appointment at the store in November 2020. In response, Mr. Fernandez did not submit any evidence showing that he visited defendants' store or had actual knowledge of any ADA violation, nor did he file a declaration contesting Mr. McEvoy's declaration. Based on defendants' uncontroverted evidence, the district court granted defendants' motion for summary judgment on the ground that Mr. Fernandez lacked standing to sue under the ADA. Mr. Fernandez did not appeal the decision.

Defendants then sought attorneys' fees under the ADA's fee provision, 42 U.S.C. § 12205, arguing that Mr. Fernandez's claims were frivolous because he did not visit the store.[1] The district court agreed that Mr. Fernandez's claims were frivolous and granted defendants reasonable attorneys' fees. Mr. Fernandez challenges this finding, arguing that his lawsuit was not frivolous.

## LEGAL STANDARD

A plaintiff must establish standing for each claim he asserts in federal court. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016). To demonstrate standing, a plaintiff must show (1) that he has "suffered an injury in fact," (2) that the injury "is fairly traceable to the challenged conduct of the defendant," and (3) that the injury would likely "be redressed by a favorable judicial decision." *Id.* at 338. As a

---

[1] Defendants did not seek fees under Rule 11 of the Federal Rules of Civil Procedure, or any other statute.

fundamental tenet of the Constitution's case-or-controversy requirement, the failure to establish standing deprives the court of subject matter jurisdiction, without which a court lacks authority to adjudicate the claim. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

## ANALYSIS

The district court lacked jurisdiction to award defendants attorneys' fees under the ADA's fee provision after it dismissed Mr. Fernandez's underlying ADA claim for lack of standing. The court concluded that Mr. Fernandez did not have standing to bring his disability discrimination claim because he did not submit any evidence showing that he either (1) encountered or (2) had actual knowledge of any ADA violation, as necessary to establish an injury under the ADA. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041–44 (9th Cir. 2008). Mr. Fernandez did not appeal that ruling and consequently failed to establish standing.

If a plaintiff fails to establish standing, a court has "no jurisdiction to hear the case." *Skaff v. Meridien N. Am. Beverly Hills*, *LLC*, 506 F.3d 832, 837 (9th Cir. 2007) (per curiam). And "[a] court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees." *Id.*; *cf. Diamond v. Charles*, 476 U.S. 54, 69–71 (1986) (holding that a party's interest in a fee award is by itself insufficient to confer standing). "An exception to this rule exists where the statute under which a party seeks attorney's fees contains an independent grant of jurisdiction," *Latch v. United States*, 842 F.2d 1031, 1033 (9th Cir. 1988) (per curiam), or where a court imposes sanctions under Rule 11, *see Branson v. Nott*, 62 F.3d 287, 293 (9th Cir. 1995), *abrogation on*

*other grounds recognized in Amphastar Pharms. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 710 (9th Cir. 2017).

Because the ADA's fee provision does not independently confer jurisdiction and defendants did not move for fees under any other rule or statute, the district court lacked the authority to award fees under the ADA once it dismissed Mr. Fernandez's claim for lack of standing. The ADA differs from statutes this court has found independently confer jurisdiction to award fees or costs. For example, statutes that authorize courts to order "the payment of just costs" when a suit is dismissed for lack of jurisdiction, 28 U.S.C. § 1919, or require "payment of just costs . . . including attorney fees" when a case was wrongfully removed to federal court, 28 U.S.C. § 1447(c), provide an independent basis for awarding costs or fees even if the court lacks jurisdiction over the merits of the underlying action, *Branson*, 62 F.3d at 293 n.10. But both § 1919 and § 1447(c) explicitly state that fees can be awarded when the court lacks jurisdiction over the underlying case, and both statutes are exclusively non-substantive—they give the parties no rights outside of litigation. *In re Knight*, 207 F.3d 1115, 1117 (9th Cir. 2000).

By contrast, the ADA is primarily substantive and states only that the court "may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 12205. The statute says nothing about permitting such awards when a case is dismissed on jurisdictional grounds. This court has implicitly recognized that fees cannot be awarded under the ADA when the underlying case was dismissed for lack of standing. *See, e.g.*, *Skaff*, 506 F.3d at 837 (stating in dicta that the district court could not award fees under the ADA if the underlying case was dismissed for lack of standing); *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031,

1036 (9th Cir. 2008) (finding that the district court needed to consider the issue of standing sua sponte because, if the plaintiff did not have standing, the district court would not have authority to award attorneys' fees under the ADA).

Today we make explicit what we have implicitly recognized in our prior decisions to provide litigants and courts with clarity regarding the ADA's fee provision. A court that dismisses an ADA claim for lack of standing also lacks jurisdiction to award attorneys' fees under the ADA's fee provision, 42 U.S.C. § 12205. Under these circumstances, Rule 11 provides an avenue for defendants to seek fees against plaintiffs who bring frivolous lawsuits. *Compare Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997) (stating that a court must find "that the plaintiff's action was frivolous, unreasonable, or without foundation" to award a defendant fees under the ADA (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)), *with* Fed. R. Civ. P. 11 (permitting sanctions when a party's legal arguments are frivolous or its factual contentions lack evidentiary support).

Because we reverse the district court's award of attorneys' fees for lack of jurisdiction, we do not decide whether Mr. Fernandez's claim was frivolous.

**REVERSED** and **VACATED**.