**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| CIVIC ASSOCIATION OF SURREY PARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 2019-0961-SEM (MTZ) |
| | ) | |
| | ) | |
| ROBERT RIEGEL and ERIN RIEGEL, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER DENYING EXCEPTIONS

**WHEREAS**:

A.      In 2019, petitioner Civic Association of Surrey Park ("CASP") brought this action under 10 *Del. C.* § 348, alleging respondents Robert Riegel and Erin Riegel built a shed without CASP approval and in violation of applicable deed restrictions.  On January 20, 2020, the Riegels moved to dismiss on the grounds that CASP lacked standing, among others.[1]  The presiding Magistrate in Chancery denied that motion, finding it reasonably conceivable that CASP had been assigned the right to enforce the declaration of restrictions for Surrey Park (the "Declaration").[2]  The Riegels then answered the petition and asserted as an affirmative defense that CASP lacked standing.[3]  On January 21, 2021, CASP filed a "Motion Pursuant to 8 *Del. C.*

---

[1] Docket Item ("D.I.") 7 at Mot. to Dismiss.

[2] D.I. 21 (draft report, to which no exceptions were taken); D.I. 22 (final report); D.I. 24 (order confirming the final report).

[3] D.I. 25 at Ans. ¶ 22.

§ 279 for the Appointment of a Receiver for the Former Crompton Development Company" to "execut[e] and record[] a formal assignment by Crompton to CASP of the right to enforce the Declaration" effective July 9, 1975.[4] The presiding Magistrate in Chancery sought further proceedings to establish a factual record as to the chain of title for the right to enforce the Declaration, and the matter went to trial.[5]

B. After trial, the Magistrate issued a draft report that concluded CASP had standing to enforce the Declaration's restrictions.[6] The Riegels took exception, and the Magistrate's final report concluded CASP did not have standing (the "2022 Final Report").[7] The 2022 Final Report also "address[ed] the parties' remaining issues in the interest of judicial economy and efficiency," and concluded the Declaration's restrictions were unenforceable and were arbitrarily applied to the Riegels's shed.[8] From there, the 2022 Final Report concluded the Riegels were the prevailing parties and were entitled to fee-shifting under 10 *Del. C.* § 348.[9]

---

[4] D.I. 35 at Mot. 5–6.

[5] *Civic Ass'n of Surrey Park v. Riegel*, 2021 WL 4059971, at *1–2 (Del. Ch. June 2, 2021). This final report is also available at D.I. 48.

[6] D.I. 75 at 20–21.

[7] *Civic Ass'n of Surrey Park v. Riegel*, 2022 WL 1597452, at *9–10 (Del. Ch. May 19, 2022). The 2022 Final Report is also available at D.I. 91.

[8] *Id.* at *10, *12–14.

[9] *Id.* at *14.

C.      Both parties took exception to the 2022 Final Report.[10] CASP briefed exceptions on standing, whether a receiver should be appointed to remediate any lack of standing, the enforceability of the Declaration's restrictions, and the Magistrate's factual findings on the relative height of the Riegels's shed.[11] The Riegels briefed exceptions on standing, ripeness, acquiescence, and the appointment of a receiver.[12] Neither party briefed exceptions to the Magistrate's conclusion as to fees.

D.      My opinion on exception (the "Letter Opinion") concluded that CASP never had standing to bring this action, that CASP "cannot continue to prosecute this action" including to seek to appoint a receiver, and that this action was "DISMISSED" for lack of subject matter jurisdiction.[13] The Letter Opinion did not address fees, and it did not adopt the 2022 Final Report.

E.      Fifteen days after the Letter Opinion was issued, the Riegels filed an Application for Taxing of Fees and Costs (the "Application") for the Magistrate's consideration.[14] The Application asserts that because a trial was held in this matter

---

[10] D.I. 93; D.I. 94; D.I. 95.

[11] D.I. 99 at Br.

[12] D.I. 100 at Op. Br.

[13] *Civic Ass'n of Surrey Park v. Riegel*, 2022 WL 17336095, at *3, *5 (Del. Ch. Nov. 30, 2022). This ruling is also available at D.I. 109.

[14] D.I. 110 at Bill of Costs.

and because the Riegels prevailed over CASP both on standing and the Declaration's enforceability, their nearly $80,000 in fees should be shifted to CASP pursuant to 10 *Del. C.* § 348.[15] CASP opposed on the grounds that neither party prevailed at trial because the matter was dismissed on exception.[16] The parties also sparred over whether the Application was timely.

F. In an April 20, 2023, oral final report (the "2023 Final Report"), the Magistrate concluded the Application was timely; that the Riegels prevailed at trial because the trial record informed the Letter Opinion's conclusion that CASP lacked standing; that the Riegels's fees must therefore be shifted; and that CASP had waived the opportunity to challenge the fees' reasonableness.[17]

G. On April 28, 2023, CASP filed a Notice of Exceptions (the "Exceptions") to the 2023 Final Report.[18] The matter was reassigned to me solely for the purpose of hearing the Exceptions to the Final Report.[19] The parties briefed the Exceptions.[20]

---

[15] *Id.*

[16] D.I. 112 at Resp.

[17] D.I. 123; D.I. 125.

[18] D.I. 124.

[19] D.I. 126.

[20] *See* D.I. 128 at Op. Br.; D.I. 129 at Ans. Br.; D.I. 131 at Reply Br.

H.     Fee-shifting is the exception, not the rule, in Delaware, and it is available in Section 348 cases because the General Assembly has said it is.[21]

**AND NOW**, on this 23rd day of October, 2023, the Court finds and orders as follows:

1.     A hearing on the exceptions is unnecessary.  The Court has considered de novo the rulings in the 2023 Final Report.[22]

2.     The exceptions present the question of whether dismissal of a Section 348 action due to a petitioner's lack of standing based on the trial record (and this Court's resultant lack of subject matter jurisdiction) precludes a respondent from seeking (and this Court from awarding) attorneys' fees under Section 348 as the prevailing party.

3.     When determining whether a court has jurisdiction to award statutory attorneys' fees after a dismissal for lack of subject matter jurisdiction, federal courts analyze whether the fee-shifting statute provides an independent basis for jurisdiction.[23]  On at least one occasion, our Supreme Court embraced a similar

---

[21] *Swann Keys Ass'n v. Shamp*, 2008 WL 4698478, at *1 (Del. Ch. Oct. 10, 2008) ("Section 348 is a very unusual and prescriptive statute, which imposes a number of onerous requirements on parties and this court in deed restriction enforcement cases between homeowner associations and residents.  Among the unusual features is a provision reversing the ordinary American Rule that parties bear their own costs and attorneys' fees."), *aff'd sub nom. Swann Keys Civic Ass'n v. Shamp*, 971 A.2d 163 (Del. 2009).

[22] *See DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

[23] *See, e.g., Fernandez v. 23676-23726 Malibu Rd., LLC*, 74 F.4th 1061, 1064 (9th Cir. 2023).  Delaware's standing doctrine is more flexible than the federal doctrine.  *In re Del.*

approach.[24]  Seeing no dispositive authority offering another approach, I conclude the jurisdictional exceptions depend on whether Section 348 provides an independent basis for jurisdiction to award attorneys' fees.

4.      "When interpreting a statute, 'the fundamental rule is to ascertain and give effect to the intent of the legislature.'"[25]  That inquiry begins "with the statutory

---

*Pub. Sch. Litig.*, 239 A.3d 451, 510 (Del. Ch. 2020) ("Based on the structure of our cooperative federal system, state court standing doctrine is appropriately more flexible than federal standing doctrine, because the state courts play a different and more expansive role than the federal courts.").  Nevertheless, "[t]he Delaware Supreme Court has noted that the standards for evaluating standing under federal law 'are generally the same as the standards for determining standing to bring a case or controversy within the courts of Delaware.'" *Id.* (quoting *Dover Hist. Soc. v. City of Dover Plan. Comm'n*, 838 A.2d 1103, 1110 (Del. 2003)).

[24] *Wheeler v. Wheeler*, 636 A.2d 888, 890 (Del. 1993) (reasoning 13 *Del. C.* § 1515 conferred jurisdiction on the Family Court to award fees notwithstanding that an appeal had been filed in the case).  Our law concerning jurisdiction following appeal is informative on this point, as perfection of an appeal under Delaware law creates a situation analogous to that of a federal court that has dismissed a case for lack of standing. *Compare Radulski for Taylor v. Del. State Hosp. for & on Behalf of Div. of Alcoholism, Drug Abuse & Mental Health, of Dep't of Health & Soc. Servs.*, 541 A.2d 562, 567 (Del. 1988) ("With the exception of interlocutory appeals, the proper perfection of an appeal to this Court generally divests the trial court of its jurisdiction over the cause of action.  We recognize that in some instances the trial court may exercise its jurisdiction as to collateral or independent matters." (citations omitted)), *with, e.g.*, *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) ("While we have not addressed the specific question whether a district court retains jurisdiction to award costs and fees pursuant to [28 U.S.C. §] 1447(c) after remand, it is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits.").

[25] *Tesla Inc. v. Del. Div. of Motor Vehicles*, 297 A.3d 625, 631 (Del. 2023) (quoting *Delmarsh, LLC v. Env't Appeals Bd.*, 277 A.3d 281, 290 (Del. 2022)).

6

text."[26] "If a statute is unambiguous, there is no need for judicial interpretation, and the plain meaning of the statutory language controls."[27]

5. Section 348 provides that "[t]he nonprevailing party at a trial held pursuant to the provisions of this section must pay the prevailing party's attorney fees and court costs," unless the Court determines such an award is inappropriate under the circumstances.[28] Thus, Section 348 permits this Court to award attorneys' fees where (1) the action brought pursuant to Section 348 was tried, and (2) the party requesting fees was the "prevailing party" at that trial.

6. Section 348 does not define "prevailing party." In *Capano v. Draper Subdivison Association*, this Court determined a plaintiff prevailed within the meaning of Section 348 because the Court granted "the primary relief he [sought]."[29] Flipping the standard for a defendant, a defendant certainly prevails where one or more of her defenses succeeds in precluding the plaintiff from obtaining any of the relief sought. A defendant can satisfy this standard by showing the plaintiff lacked standing to bring the action in the first instance.

---

[26] *Id.*; *Protech Mins., Inc. v. Dugout Team, LLC*, 284 A.3d 369, 375 (Del. 2022) ("The starting point is the language of the statute.").

[27] *Eliason v. Englehart*, 733 A.2d 944, 946 (Del. 1999).

[28] 10 *Del. C.* § 348(e).

[29] *Capano v. Draper Subdivision Ass'n, Inc.*, 2019 WL 3938704, at *14 (Del. Ch. Aug. 20, 2019).

7

7.     This conclusion is consistent with Section 348's policy. This Court has said the "purpose of § 348 is to subject parties to disputes to the risk that they will pay both sides' costs if they turn out to be the loser."[30] Were Section 348 to preclude relief where a party prevails on a standing argument at trial, the statute would have little effect on a party facing a meaningful risk that they lack standing.[31] And once it became clear that the case was going to trial, the defendant would be incentivized to drop the argument that the plaintiff lacked standing in favor of other strategies for victory that would shift fees; given the importance of standing and subject matter jurisdiction, that is an undesirable outcome.

8.     Thus, one may be a prevailing party under Section 348 by demonstrating the plaintiff lacked jurisdiction to bring the suit. The defendant must do so at a trial to obtain fees.[32] It necessarily follows that the statute grants the Court jurisdiction to award fees after making such a finding notwithstanding its lack of subject matter jurisdiction over the merits of the dispute.[33]

---

[30] *Shamp*, 2008 WL 4698478, at *1.

[31] *See Curry v. Digitz*, C.A. No. 2022-0205-JTL, at 70–72 (Nov. 18, 2022) (TRANSCRIPT) (explaining that requiring a judgment, court order, or other "judicial action or judicial imprimatur" for a party to be a "prevailing party" would create perverse incentives).

[32] *McCaulley Ct. Maint. Corp v. Davenport*, 2018 WL 4030781, at *1 (Del. Ch. Aug. 23, 2018).

[33] *See Wheeler*, 636 A.2d at 890 (reasoning statutory language providing that the "Family Court is authorized to award attorney's fees '*after* the entry of judgment'" conferred jurisdiction on the court to award such fees following appeal (quoting 13 *Del. C.* § 1515)). Of course, a court has jurisdiction to consider its own jurisdiction. 21 C.J.S. *Courts* § 102

9. This matter proceeded to trial, and the Riegels established that CASP lacked standing to bring this action. In doing so, the Riegels prevented CASP from obtaining any of the relief it sought. The Riegels are prevailing parties within the meaning of Section 348, and are entitled to attorneys' fees.

10. CASP also took exception on the grounds that the Riegels' Application was untimely. It was timely under the period set by the 2022 Final Report.

11. The exceptions are **DISMISSED**.

_/s/ Morgan T. Zurn_
Vice Chancellor Morgan T. Zurn

---

(2023) ("A court always has jurisdiction and judicial power to determine the question of its own jurisdiction, both as to parties and as to subject matter . . . ." (footnotes omitted)).